STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v
SIVEY

Docket No. 59774. Decided December 26, 1978. On application by
    defendant Andary for leave to appeal the Supreme Court, in
    lieu of granting leave to appeal, reversed the judgments of the
    Court of Appeals and the circuit court. Rehearing denied 406
    Mich 1102.

State Farm Mutual Automobile Insurance Company brought a
    complaint for declaratory judgment seeking construction of a
    liability coverage provision of an automobile insurance policy
    against Emily Sivey, co-owner of a Pinto automobile insured by
    the plaintiff; Sandra Andary, who was driving the Pinto with
    defendant Sivey's permission; and William H. Kelly, the owner
    and driver of another car which collided with the Pinto while
    the defendant Sivey was a passenger in the Pinto. The plaintiff
    contended that the insurance policy did not provide bodily
    liability coverage to the insured passenger. Defendant Andary
    contended that the terms of the policy provided liability cover-
    age to her as a guest driver. The Macomb Circuit Court,
    Raymond R. Cashen, J., granted summary judgment for the
    plaintiff. The Court of Appeals, Bronson, P.J., and Allen and
    D. E. Holbrook, Jr., JJ., affirmed per curiam (Docket No. 27794).
    Defendant Andary applies for leave to appeal. *Held:*

    1. The terms of the policy are not ambiguous. Defendants
    Sivey and Andary are named insureds under the policy and the
    insurer is bound to insure the named insured with respect to
    bodily injury sustained only by persons other than the named
    insured. The terms "insured" and "other persons" must be
    construed with reference to each other and are mutually exclu-
    sive. "Other persons" means those not having the status of the
    insured. Therefore, the policy, if valid, by its terms excludes
    defendants Sivey and Andary from bodily injury liability cover-
    age.

    2. The Legislature, by requiring that the motor vehicle
    owner's insurance cover the driver as well as the owner, sought
    to reduce claims against the Accident Claims Fund arising out
    of unpaid claims against drivers. No distinction may properly
    be drawn in the required personal injury insurance coverage
    based on whether the insured or someone else is injured or on

whether the injury was caused by a driver using one vehicle or another. The Legislature apparently concluded that the social problem of uncollected judgments against uninsured motorists requires such a paternalistic policy. There is no sound reason for supposing that this comprehensive public policy should stop short of protecting an owner who is injured by a driver of the owner's vehicle.

3. Nothing in the motor vehicle financial responsibility statute suggests that the requisite insurance is limited only to liability imposed by law to third parties as opposed to liability to the named insured. Therefore the exclusion in the instant case is against public policy because the operation of it prevents coverage required by the financial responsibility law.

Reversed.

*Draugelis, Ashton & Scully* (by *Richard T. Haynes*) for plaintiff.

*Lizza & Mulcahy, P.C.,* for defendant Andary.

PER CURIAM. The trial court and Court of Appeals upheld a provision in an automobile owner's liability insurance policy excluding recovery for bodily injury by the insured owner who was a passenger in the car as against a driver who was driving with the owner's permission. The driver of the car has applied for leave to appeal.

Defendant Emily Sivey and her father co-owned a 1974 Ford Pinto which was insured by plaintiff State Farm. On March 3, 1974, Sandra Andary was operating the Pinto on I-94 in Berrien County when she collided with a vehicle owned and operated by William Horace Kelly. Emily Sivey was a passenger in the Pinto at the time.

Emily Sivey filed suit against Kelly and Andary in Macomb Circuit Court seeking damages for her injury. Andary claimed that she was protected by the policy issued by State Farm to Emily Sivey and her father. Consequently, State Farm filed a

complaint for declaratory judgment, asking that the court find that the insurance policy "does not provide bodily injury liability coverage to the defendant, Emily Sivey, with regard to her accident injuries of March 3, 1974". Andary responded with a prayer that the "company be ordered to provide a legal defense and liability coverage to the defendant Sandra Andary".

Plaintiff moved for summary judgment under GCR 1963, 117.2(3) and, on February 17, 1976, the trial judge granted the motion. The Court of Appeals affirmed in an unpublished per curiam opinion dated April 22, 1977.

Andary repeats here the argument she advanced in the courts below: (1) that the policy exclusion State Farm relies upon is ambiguous and, therefore, should be construed against the insurer; and (2) that, in any event, the exclusion is void as contrary to public policy.

The State Farm insurance policy issued to Emily Sivey and her father provides, in part:

"SECTION I—LIABILITY AND MEDICAL PAYMENTS INSURING AGREEMENTS
    "Coverage A—Bodily Injury Liability
    "Coverage B—Property Damage Liability
    "To pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as *damages* because of
    "(A) *bodily injury* sustained by other *persons,* and
    "(B) *property damage,* caused by accident arising out of the ownership, maintenance or use, including loading or unloading, of the *owned motor vehicle;* and to defend, with attorneys selected by and compensated by the company, any suit against the *insured* alleging such *bodily injury* or *property damage* and seeking *damages* which are payable hereunder even if any of the allegations of the suit are groundless, false or fraudulent; but the company may make such investigation, negotiation

and settlement of any claim or suit as it deems expedient.

\* \* \*

"Exclusions—Section I

"This Insurance Does Not Apply Under:

\* \* \*

"(h) COVERAGE A, TO *BODILY INJURY* TO ANY *INSURED* OR ANY MEMBER OF THE FAMILY OF AN *INSURED RESIDING* IN THE SAME HOUSEHOLD AS THE *INSURED;*

\* \* \*

"Definitions—Section I

\* \* \*

"*Insured*—the unqualified word "insured" includes

"(1) the named insured, and

"(2) if the named insured is a *person* or *persons,* also includes his or their spouse(s), if a *resident* of the same household, and

"(3) if *residents* of the same household, the relatives of the first *person* named in the declarations, or of his spouse, and

"(4) any other *person* while using the *owned motor vehicle,* PROVIDED THE OPERATION AND THE ACTUAL USE OF SUCH VEHICLE ARE WITH THE PERMISSION OF THE NAMED INSURED OR SUCH SPOUSE AND ARE WITHIN THE SCOPE OF SUCH PERMISSION, and

"(5) under coverages A and B any other *person* or organization, but only with respect to his or its liability for the use of such *owned motor vehicle* by an *insured* as defined in the four subsections above." (Insurance policy's emphasis.)

The insuring clause and the exclusionary clause excerpted above reveal unambiguously that Sivey and Andary are named insureds under the policy and that State Farm is bound to insure the named insured with respect to bodily injury sustained only by persons other than the named insured. Since State Farm has promised to pay on behalf of the *insured* claims for bodily injury sustained by

*other persons,* the terms "insured" and "other persons" must be read with reference to each other. In view of the fact that the word "insured" as used in the insuring clause is not qualified by any additional language, we must apply the above definition of the word "insured" according to the direction of the policy. The term "other persons" stands in contrast to and is mutually exclusive with the term "insured". "Other persons" means those not having the status of the insured. The exclusionary clause corroborates this interpretation of the insuring clause by stating plainly, "THIS INSURANCE DOES NOT APPLY * * * TO *BODILY INJURY* TO ANY *INSURED"*.

Since we have concluded that the exclusionary clause, if valid, would preclude Emily Sivey from recovering from State Farm pursuant to the policy, we must now address the question of whether the exclusionary clause is void as against public policy. The argument that such an exclusionary clause contravenes public policy was considered and rejected by a majority of the Court of Appeals panel in *Weisberg v Detroit Automobile Inter-Insurance Exchange,* 36 Mich App 513; 194 NW2d 193 (1971). Specifically, the majority in that case found that an exclusion for named insureds in an automobile insurance policy did not violate either the Motor Vehicle Accident Claims Act[1] or § 3010 of the Insurance Code.[2] Then judge, now Justice, LEVIN dissented. In dissenting, he argued that the operation of such an exclusionary clause serves to render the driver of an automobile under circumstances such as are extant in the instant case uninsured for liability purposes. This, according to the dissent, contravenes the public policy of the

---

[1] MCL 257.1101 *et seq.;* MSA 9.2801 *et seq.*

[2] MCL 500.3010; MSA 24.13010.

Motor Vehicle Accident Claims Act which seeks to
reduce claims against the Accident Claims Fund
and the motor vehicle responsibility law[3] which
requires that an owner's policy of liability insur-
ance "[s]hall insure the person named therein and
any other person, as insured, using any such mo-
tor vehicle or motor vehicles with the express or
implied permission of such named insured, against
loss from the liability imposed by law for damages
arising out of the ownership, maintenance or use
of such motor vehicle or motor vehicles". Specifi-
cally, the dissent argued:

"Without a requirement that the insurance cover the
driver as well as the owner, in any case where the
insurance covers only the owner and the damages as-
sessed against the owner and the driver exceed the
amount recoverable from the owner, the injured person
could proceed against the fund if the driver did not pay
the excess. By requiring that the owner's insurance
cover the driver as well as the owner the Legislature
sought to reduce claims against the accident claims
fund arising out of unpaid claims against drivers.

* * *

"One of the exclusions expressly permitted by the
financial responsibility law is of 'liability for damage to
property owned by, rented to, in charge of, or trans-
ported by the *insured'*. (Emphasis supplied.) This ex-
press authorization of an exclusion for damage to the
insured's property and the failure to authorize an exclu-
sion for personal injury caused an insured further
supports the view that no distinction may properly be
drawn in the required personal injury insurance cover-
age based on whether the insured or someone else is
injured or on whether the injury was caused by a driver
using one vehicle or another.

* * *

"The legislation which we construe is designed to
protect the citizens of the state without regard to

---

[3] MCL 257.520(b); MSA 9.2220(b).

whether they might through the exercise of diligence and expenditure of funds otherwise protect themselves. The Legislature apparently concluded that the social problem of uncollected judgments against uninsured motorists requires such a paternalistic policy. There is no sound reason for supposing that the Legislature concluded that this comprehensive public policy should stop short of protecting an owner who is injured by a driver of the owner's vehicle." 36 Mich App 513, 527, 529, 530.

MCL 257.520(b)(2); MSA 9.2220(b)(2), as noted *supra,* provides that all policies of liability insurance:

"Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle".

As observed by the dissent in *Weisberg,* the only exception permitted by MCL 257.520; MSA 9.2220 is found in subsection (e) thereof:

"Such motor vehicle liability policy need not insure any liability under any workmen's compensation law nor any liability on account of bodily injury to or death of an employee of the insured while engaged in the employment, other than domestic, of the insured, or while engaged in the operation, maintenance or repair of any such motor vehicle nor any liability for damage to property owned by, rented to, in charge of, or transported by the insured."

Nothing in this statute suggests that the requisite insurance is limited only to liability imposed by law to third parties as opposed to liability to the named insured. Indeed, the expression of the one

exception and the legislative silence to any others leads us to conclude that the Legislature intended that there be coverage in circumstances such as are present here. Therefore, we hold that the instant exclusion is against public policy because the operation of it prevents coverage required by the financial responsibility law.

Accordingly, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the judgments of the lower courts and remand to the Macomb Circuit Court for entry of judgment in favor of appellant.

No costs, a public question.

KAVANAGH, C.J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.