KATINSKY v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 134492. Submitted April 7, 1993, at Detroit. Decided August 16, 1993, at 9:00 A.M. Leave to appeal sought.

John Katinsky brought an action in the Wayne Circuit Court against Auto Club Insurance Association and others, seeking a declaration that he was entitled to benefits pursuant to a no-fault insurance policy issued to Sean McBride by Auto Club. Katinsky had been injured on May 6, 1989, when his motorcycle collided with an automobile registered to McBride. On the basis of the following facts, Auto Club denied that it was McBride's insurer on the date of the accident. McBride applied for no-fault insurance on his automobile on April 25, 1989, and Auto Club deposited McBride's check for the premium on May 3, 1989. The check was returned to Auto Club on May 17, 1989, dishonored because of insufficient funds. On May 19, 1989, Auto Club issued a "Policy Billing Notice" and a "Family Automobile Policy New Declaration Certificate," showing a policy in effect from April 25, 1989, through October 25, 1989, and listing McBride as a named insured. The billing notice reflected that no money had been received and warned that the policy would be canceled unless McBride paid half the premium by June 5, 1989. Auto Club sent McBride another notice on May 24, 1989, stating that the policy had been canceled because of nonpayment of the premium and that coverage terminated at 12:01 A.M. on April 25, 1989. McBride did not submit any further payment for the premium. The court, Michael L. Stacey, J., granted summary disposition for Auto Club and dismissed the action against it. The plaintiff appealed.

The Court of Appeals *held:*

1. The May 19 bill and declaration certificate are evidence that Auto Club accepted McBride's April 25 offer to enter into an insurance contract and communicated that acceptance to him. A reasonable factfinder could find that Auto Club had

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340-368.
Validity and construction of no-fault automobile insurance plans. 42 ALR3d 229.

issued a policy that covered McBride's automobile at the time of the accident.

2. A false representation in an insurance application that materially affects the acceptance of the risk entitles the insurer to void or cancel the policy retroactively. However, the right to rescind ceases to exist once a claim by an innocent third party is involved. Therefore, any misrepresentation by McBride in the insurance application regarding the validity of the check cannot result in rescission of the policy with respect to the plaintiff's claim.

3. McBride's failure to pay the premium is not sufficient reason to excuse Auto Club from performing its obligations under the policy.

4. Auto Club, by notifying McBride, before his time for payment had expired, that it would not honor the contract, excused him from performance.

Reversed.

INSURANCE — NO-FAULT — APPLICANT'S FALSE REPRESENTATION — RESCISSION OF CONTRACT.

A false representation in an application for no-fault insurance that materially affects the acceptance of the risk entitles the insurer to void or cancel the policy retroactively; the right to rescind ceases to exist once a claim by an innocent third party is involved; public policy requires that an insurer be estopped from asserting rescission once a third party has been injured.

*Mindell, Panzer, Mulcahy & Malin* (by *Jeffrey D. Malin*), for the plaintiff.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Schoolmaster & Taylor* (by *Joseph K. Bachrach*) (*John A. Lydick,* of Counsel), for Auto Club Insurance Association.

Before: MARILYN KELLY, P.J., and SHEPHERD and CONNOR, JJ.

CONNOR, J. Plaintiff appeals as of right the trial court's summary dismissal of his claim against defendant Auto Club Insurance Association. We reverse.

At 3:00 A.M. on Saturday, May 6, 1989, plaintiff

was injured when the motorcycle he was driving collided with an automobile stopped in the roadway. Plaintiff and a pedestrian hit by the car as it fled the scene were taken to the hospital. The police found the car involved and impounded it. The car was registered to Sean McBride.

McBride had applied for no-fault insurance on the car with the Michigan Automobile Insurance Placement Facility through an Allstate Insurance Company agent on April 25, 1989. The placement facility assigned McBride's application to Auto Club. On May 3, 1989, Auto Club deposited McBride's check. On May 17, the check was returned to Auto Club dishonored because of insufficient funds in McBride's checking account.

On May 19, 1989, Auto Club issued a "Policy Billing Notice" and a "Family Automobile Policy New Declaration Certificate." The declaration certificate showed a policy providing no-fault and other insurance coverages in effect from April 25, 1989, through October 25, 1989, and listed Sean McBride as a named insured. The billing notice reflected no money having been received from McBride. It warned that the policy would be canceled unless McBride paid half the premium by June 5, 1989.

On May 24, 1989, Auto Club sent another notice to McBride. This notice stated that the policy had been canceled because of nonpayment of the premium, and that coverage terminated at 12:01 A.M. on April 25, 1989. Apparently, McBride never submitted anything more to Auto Club.

Plaintiff filed this action against Auto Club,[1]

[1] Apparently out of fear of the one-year statute of limitations, MCL 500.3145(1); MSA 24.13145(1), plaintiff named every insurance company in the state as a defendant. However, only Auto Club and State Farm were ever served with process. State Farm's interest in the case stems from a policy it issued plaintiff on a automobile, which would

seeking a declaration that he was entitled to no-fault insurance benefits. Auto Club denied it was McBride's insurer, claiming that it had rescinded the policy it had issued because of the dishonored check. The trial court granted Auto Club's motion for summary disposition, brought pursuant to MCR 2.116(C)(10), and dismissed the claim against Auto Club.

At issue on appeal is whether an insurance company can avoid paying no-fault insurance benefits to a third party when the purchaser of the policy paid the insurance premium with a check that is dishonored. We hold that it cannot.

The May 19 bill and declaration certificate are evidence that Auto Club accepted McBride's April 25 offer to enter into an insurance contract and communicated that acceptance to McBride. See *Hagerl v Auto Club Group Ins Co,* 157 Mich App 684, 688; 403 NW2d 197 (1987). Thus, a reasonable factfinder could decide that Auto Club had issued a no-fault insurance policy that covered the automobile at the time of the accident.

Auto Club argues that it has a right to void, retroactively cancel, or rescind any policy it issued McBride because of the dishonored check. We disagree.

A false representation in an application for no-fault insurance that materially affects the acceptance of the risk entitles the insurer retroactively to void or cancel a policy. See *Auto-Owners Ins Co v Comm'r of Ins,* 141 Mich App 776, 779-780; 369 NW2d 896 (1985). However, this right to rescind ceases to exist once there is a claim involving an innocent third party. *Darnell v Auto-Owners Ins Co,* 142 Mich App 1, 9; 369 NW2d 243 (1985).

make it a lower-priority insurer. See MCL 500.3114(5)(c); MSA 24.13114(5)(c). Although listed as an appellee, State Farm filed no brief and did not participate in oral argument.

.

Public policy requires that an insurer be estopped from asserting rescission when a third party has been injured. *Ohio Farmers Ins Co v Michigan Mutual Ins Co,* 179 Mich App 355, 364-365; 445 NW2d 228 (1989). Therefore, any misrepresentation McBride may have made on an insurance application[2] regarding the validity of the check cannot result in rescission of the policy with respect to plaintiff's claim.

We do not find McBride's failure to pay the premium sufficient reason to excuse Auto Club from performing its obligations under the policy. In *Coburn v Fox,* 425 Mich 300, 310; 389 NW2d 424 (1986), our Supreme Court decided that an insured's failure to cooperate cannot act as a defense to a claim for no-fault benefits made by a third party. Cooperation is merely one part of the consideration that an insured promises to an insurer, payment of the premiums is another. The public policy arguments that persuaded our Supreme Court to protect innocent third parties despite the insured's noncooperation apply just as forcefully to the nonpayment of the premium. See *id.,* n 3. Moreover, by notifying McBride, before his time for payment had expired, that it would not honor the contract, Auto Club excused him from performance. We conclude that McBride's failure to pay the premium does not affect plaintiff's right to benefits.

If no-fault insurers do not want to pay third-party claims on policies for which they have not been paid a premium, they should not bind themselves to coverage until they have actually received the premiums. When an insurer issues a no-fault policy, that policy provides security that no-

---

[2] Auto Club attached a copy of McBride's application to its appellate brief. However, because this was not part of the trial court record, it is not properly before this Court.

fault benefits will be paid and is deemed to provide insurance for the payment of benefits. See MCL 500.3101; MSA 24.13101.

Reversed.