FARMERS INSURANCE EXCHANGE v ANDERSON

Docket No. 156079. Submitted April 13, 1994, at Grand Rapids. Decided July 6, 1994, at 9:30 A.M. Leave to appeal sought.

Farmers Insurance Exchange brought an action in the Kalamazoo Circuit Court against Joyce Anderson, Jack Dillon, Cindi Gale, as conservator of the estate of Kayse Gale, and Andora Gale, as personal representative of the estate of Robert L. Gale, seeking a declaration of its liability under a policy of no-fault insurance issued to Anderson for damages arising out of the death of Robert Gale as a result of his vehicle colliding with Anderson's vehicle while it was being operated by Dillon, Anderson's son. The plaintiff alleged that Anderson procured the policy of insurance by representing that she would be the primary driver, but did not disclose that Dillon, whose driver's license had been revoked, would be operating the vehicle and that, accordingly, the policy should be declared void ab initio or, in the alternative, the policy should be reformed to provide only the statutorily required policy limits of $20,000 a person and $40,000 an accident rather than the stated policy limits of $100,000 a person and $300,000 an accident. The court, Donald E. Goodwillie, J., granted summary disposition for the defendants. The plaintiff appealed.

The Court of Appeals *held:*

1. Section 520(f)(1) of the financial responsibility act, MCL 257.520(f)(1); MSA 9.2220(f)(1), provides that the liability of a motor vehicle insurer becomes absolute upon the occurrence of an injury or damage covered by the policy and that fraud or misrepresentation in procuring the policy are not defenses once the claim arises. The plaintiff concedes that the language of § 520(f)(1) precludes its right to rescind the policy altogether, because the claims of the innocent third parties have already arisen.

2. Section 520(g), MCL 257.520(g); MSA 9.2220(g), provides that any coverage in excess of or in addition to the coverage required by the financial responsibility act shall not be subject

REFERENCES

Am Jur 2d, Automobile Insurance § 37.
See ALR Index under No-Fault Insurance.

to the provisions of the financial responsibility act. Because of this clear expression by the Legislature that it did not intend to deprive insurers of the defenses of fraud and misrepresentation with respect to any excess coverage that was provided, the plaintiff is entitled to assert those defenses with respect to the coverage in excess of that required by statute, even after the accrual of the claims of the third parties. Accordingly, the trial court should have granted summary disposition for the plaintiff and limited the plaintiff's liability to the statutorily required limits of $20,000 a person and $40,000 an accident, a liability that the plaintiff now concedes it has.

Reversed and remanded.

INSURANCE — NO-FAULT — APPLICANT'S FALSE REPRESENTATION — RESCISSION OF CONTRACT — LIMITS OF COVERAGE.

A no-fault insurer may rescind any coverage in excess of the statutory limits of coverage where there was a material misrepresentation made in an application for insurance even if, at the time the misrepresentation is discovered, a claim by an innocent third party has been made; under those circumstances, the insurer's liability to the third party is limited to the statutory limits of coverage (MCL 257.520[f][1], [g]; MSA 9.2220[f][1], [g]).

*Wheeler Upham, P.C.* (by *Gary A. Maximiuk* and *Jack L. Hoffman*), for the plaintiff.

*Thorne & Schlee, P.C.* (by *William N. Schlee*), for Andora Gale.

*Benefiel, Farrer & Glista* (by *William L. Benefiel*), for Cindi Gale.

Before: MICHAEL J. KELLY, P.J., and HOOD and S. B. MILLER,* JJ.

HOOD, J. This case arises from a motor vehicle accident in which Robert Gale was killed after his vehicle collided with a vehicle driven by defendant Dillon. The automobile driven by Dillon was owned and insured by Dillon's mother, Joyce Anderson. Plaintiff, Farmers Insurance Exchange,

* Circuit judge, sitting on the Court of Appeals by assignment.

claimed that Anderson procured the policy by fraud and that, therefore, it should not have to provide coverage. The trial court disagreed and granted summary disposition in favor of defendants pursuant to MCR 2.116(I)(2). Farmers now appeals as of right. We reverse.

Joyce Anderson applied for insurance on the subject vehicle and represented that she would be the primary driver. Anderson did not disclose that Dillon, whose driver's license had been revoked, would be operating the vehicle. In fact, as a person with a revoked license, Dillon was ineligible for motor vehicle insurance. The policy provided a liability limit of $100,000 a person, with a $300,000 limit in any one accident. At the time of the collision that resulted in Gale's death, Dillon not only was unlicensed and uninsured, but also was driving while intoxicated.

The Gale family initiated a wrongful death action against Dillon and Anderson. Farmers then filed a complaint for declaratory judgment, arguing that it had no duty to defend Dillon or to provide coverage, because Dillon had been using the vehicle without Anderson's permission. Farmers further argued that it had no duty to defend or indemnify Anderson, because Anderson had made fraudulent and material misrepresentations in procuring the insurance policy. More specifically, Farmers asserted that Anderson had represented that she would be the primary driver of the vehicle even though she knew that Dillon would be the primary driver.

Therefore, Farmers argued, the policy should be declared void ab initio and rescinded. Alternatively, Farmers argued that if it was precluded from declaring the entire policy void ab initio, then the policy should be reformed to provide only the statutorily required minimum limits of

$20,000/$40,000 rather than the stated policy limits of $100,000/$300,000.

Competing motions for summary disposition were filed. The trial court, relying on *Ohio Farmers Ins Co v Michigan Mutual Ins Co,* 179 Mich App 355; 445 NW2d 228 (1989), denied Farmers' motion for summary disposition and granted summary disposition in favor of defendants. This appeal followed.

Plaintiff now concedes liability for the statutory $20,000/$40,000 limits. Therefore, the issue we must decide is whether an automobile insurer who, upon discovering that the insured has made fraudulent and material misrepresentations in procuring the policy, may assert rescission as a basis to limit its liability to the statutory minimum, even when innocent third parties have been injured.

We first note that when an accident occurs in this state, the scope of liability coverage is determined by the financial responsibility act, MCL 257.501 *et seq.*; MSA 9.2201 *et seq. League General Ins Co v Budget Rent-A-Car of Detroit,* 172 Mich App 802, 805; 432 NW2d 751 (1988). Section 520 of the act, MCL 257.520; MSA 9.2220, provides in relevant part:

> (f) Every motor vehicle liability policy shall be subject to the following provisions which need not be contained therein:
>
> (1) The liability of the insurance carrier with respect to the *insurance required by this chapter shall become absolute whenever injury or damage covered by said motor vehicle liability policy occurs; . . . except as hereinafter provided, no fraud, misrepresentation, . . . or other act of the insured in obtaining or retaining such policy . . . shall constitute a defense as against such judgment creditor.*

* * *

(g) *Any policy which grants the coverage re-*
*quired for a motor vehicle liability policy may also*
*grant any lawful coverage in excess of or in addi-*
*tion to the coverage specified for a motor vehicle*
*liability policy and such excess or additional cover-*
*age shall not be subject to the provisions of this*
*chapter.* [Emphasis added.]

Generally, a material misrepresentation made in
an application for no-fault insurance entitles the
insurer to void or to cancel retroactively the pol-
icy. *Katinsky v Auto Club Ins Ass'n,* 201 Mich App
167, 170; 505 NW2d 895 (1993). However, this
right to rescind a policy altogether ceases to exist
once there is a claim involving an innocent third
party. *Id.* As indicated previously, Farmers con-
cedes that the language of § 520(f)(1) necessitates
this result. However, Farmers contends that even
though an innocent third party was injured, its
liability should be limited to the statutory mini-
mum, because the policy was fraudulently ob-
tained. We agree.

As stated above, § 520(f)(1) prohibits an insurer
from using fraud as a basis to void completely
coverage under an insurance policy once an inno-
cent third party has been injured. Thus, once an
accident occurs, coverage in the amount of the
statutory minimum of $20,000/$40,000 must be
available for claims by innocent third parties,
notwithstanding the fact that the policy in ques-
tion may have been procured by fraud. However,
this prohibition is found only in § 520(f)(1), which,
again, deals with the statutorily mandated mini-
mum coverage of $20,000/$40,000. By contrast,
§ 520(g), which addresses excess coverage, does not
include such a limitation. In fact, in drafting
§ 520(g), the Legislature expressly provided that

the additional coverage contemplated in that section "shall not be subject to the provisions of this chapter."

Thus, reading §§ 520(f)(1) and 520(g) together, it is evident that the Legislature did not intend to preclude an insurer from using fraud as a defense to void optional insurance coverage. Had the Legislature intended to do so, the same prohibitory language found in § 520(f)(1) would have been included in § 520(g), namely, that, with regard to mandated minimum coverage, fraud on the part of the insured in obtaining or retaining a policy shall not constitute a defense for the insurer against a judgment creditor. See *Sebewaing Industries, Inc v Village of Sebewaing,* 337 Mich 530, 545; 60 NW2d 444 (1953). By failing to include this prohibitory language in § 520(g) and by specifically exempting the excess or additional coverage permitted by § 520(g) from the remaining provisions of the chapter, the Legislature made it clear that it did not intend to deprive insurers of this defense with respect to a claim for excess coverage.

Despite the holdings in *Ohio Farmers* and *Katinsky,* we do not go so far as to say that a validly imposed defense of fraud will absolutely void any optional excess insurance coverage in all cases. To the contrary, when fraud is used as a defense in situations such as these, the critical issue necessarily becomes whether the fraud could have been ascertained easily by the insurer at the time the contract of insurance was entered into. We think it unwise to permit an insurer to deny coverage on the basis of fraud after it has collected premiums, when it easily could have ascertained the fraud at the time the contract was formed—*Ohio Farmers* was such a case.

We are mindful that the *Ohio Farmers* panel concluded generally that "once an innocent third

party is injured in an accident in which coverage is in effect on the automobile, an insurer will be estopped from asserting rescission as a basis upon which it may limit its liability to the statutory minimum." *Id.* at 364-365. Again, unlike the present case, *Ohio Farmers* involved a situation where the fraud relied on by the insurer was readily ascertainable at the time the contract for insurance was formed. Moreover, neither *Ohio Farmers* nor *Katinsky* addressed §§ 520(f)(1) and 520(g) of the financial responsibility act. Instead, both panels analyzed the respective cases solely in light of public policy considerations.

As stated previously, when an accident occurs in this state, the scope of liability coverage is determined by the financial responsibility act. *League General, supra.* Because, as we have indicated, the financial responsibility act is controlling with respect to Farmers' responsibility, *Ohio Farmers* and its progeny are not controlling in our resolution of this case. To the extent that those cases may be found to be inconsistent with our holding here, we decline to follow them.

In the present case, Dillon's name was nowhere to be found on the application for insurance that was completed by Anderson. Therefore, the trial court properly concluded that it would have been virtually impossible for Farmers to know that it should obtain Dillon's driving record, because it had no reason to believe that he would be operating the subject vehicle. Additionally, we accept the trial court's assumption pursuant to the parties stipulation for purposes of the motion, that Anderson committed fraud to obtain the policy. Reviewing the issue de novo, we conclude that the trial court erred in granting summary disposition in favor of defendants, because Farmers was entitled

to use fraud as a defense to limit coverage under the policy to the statutory minimum. Therefore, defendants were not entitled to judgment as a matter of law. Sections 520(f)(1) and 520(g); *Borman v State Farm Fire & Casualty Co,* 198 Mich App 675, 678; 499 NW2d 419 (1993).

Reversed and remanded. We do not retain jurisdiction.