BOGAS v ALLSTATE INSURANCE COMPANY

Docket No. 187891. Submitted November 5, 1996, at Detroit. Decided February 14, 1997, at 9:20 A.M Leave to appeal sought.

Lynn F. Thompson, as personal representative of the estate of Melissa G. Thompson, brought an action in the Wayne Circuit Court against Allstate Insurance Company, seeking a declaration that an exclusion in the defendant's umbrella liability policy for personal injury to an insured is void as against public policy. The court, Amy P. Hathaway, J., granted summary disposition for the defendant. The plaintiff appealed. Kathleen L. Bogas replaced Thompson as personal representative and plaintiff.

The Court of Appeals *held*:

The plaintiff's reliance on *State Farm Mutual Automobile Ins Co v Sivey*, 404 Mich 51 (1978), in which the Supreme Court invalidated as against public policy a household exclusion in an automobile liability policy, is misplaced. Unlike automobile liability insurance, umbrella liability insurance is not statutorily required. The exclusion in this case is enforceable because it does not conflict with statutorily mandated insurance coverage.

Affirmed.

INSURANCE — LIABILITY — UMBRELLA POLICIES — EXCLUSION FOR PERSONAL INJURY TO INSUREDS.

An exclusion in an umbrella liability policy for personal injury to an insured of the policy is not void as against public policy in the absence of a statutory mandate for umbrella liability insurance coverage.

*Galbraith & Booms* (by *Steven B. Galbraith* and *Laura A. Phillips*), for the plaintiff.

*Garan, Lucow, Miller, Seward & Becker, P.C.* (by *James L. Borin* and *Anne K. Newcomer*), for the defendant.

Before: HOEKSTRA, P.J., and SAWYER and T. P. PICKARD*, JJ.

PER CURIAM. Plaintiff appeals as of right a Wayne Circuit Court order granting defendant's motion for summary disposition. We affirm.

This case involves the enforceability of an exclusion contained in a personal "umbrella" liability insurance policy issued by defendant to the mother of Melissa G. Thompson (decedent). Decedent was killed in a car accident in which decedent's boyfriend was driving an automobile owned by decedent's mother.[1] The exclusion at issue in the umbrella policy excluded liability coverage for personal injury to an insured. An "insured" was defined in the policy as the person named on the policy declarations page, that person's resident spouse, and any person related to the named insured by blood, marriage, or adoption who resides in the named insured's household. Because decedent was an "insured" as defined by the policy, defendant denied coverage under the umbrella policy for decedent's personal injuries. Plaintiff then sought a judgment declaring that the exclusion was void as against public policy, and the trial court granted defendant's motion for summary disposition.

On appeal, plaintiff argues that the trial court erred in concluding that the household exclusion contained within the umbrella policy was not void as against public policy. Specifically, plaintiff, relying on our

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Plaintiff also challenged the enforceability of a similar exclusion contained in the primary policy, a no-fault automobile insurance policy, issued by defendant. Because defendant has conceded that the household exclusion contained in the primary policy is void, we will not address this issue on appeal.

Supreme Court's holding in *State Farm Mutual Automobile Ins Co v Sivey*, 404 Mich 51; 272 NW2d 555 (1978), that household exclusions in compulsory no-fault automobile insurance policies are void because they contravene public policy, argues that a similar exclusion contained in an umbrella policy should also be declared void. We disagree.

Rather, we agree with defendant that the public policy considerations discussed in *Sivey, supra,* which made a household exclusion for a compulsory automobile policy void are not relevant for optional policies, such as the umbrella policy at issue. Our Supreme Court's decision in *Sivey, supra,* was based upon the fact that the motor vehicle financial responsibility act, MCL 257.520(b); MSA 9.2220(b), specifically required that policies of liability insurance provide coverage for liability arising out of the ownership, maintenance, or use of a motor vehicle. The Court held that the household exclusion contained in the automobile policy was void as against public policy because it would serve to prevent coverage required by the motor vehicle financial responsibility act. *Id.* at 58.

Because the umbrella policy at issue, an optional insurance policy that applied not only to liability arising from the use of an automobile but also other personal activities of the insured, does not conflict with any statutory provisions mandating the coverage that the household exclusion excludes, we hold that the exclusion in the policy is enforceable.

Affirmed.