GELLER v FARMERS INSURANCE EXCHANGE

Docket No. 232579. Submitted August 13, 2002, at Detroit. Decided November 1, 2002, at 9:25 A.M.

Donna Geller brought an action in the Sanilac Circuit Court against Farmers Insurance Exchange, seeking a declaration that the defendant, the residual liability insurer for the plaintiff's automobile, must defend and indemnify the plaintiff against an action brought against her by the personal representative of the estate of the plaintiff's daughter, whom the plaintiff accidentally struck and killed while the plaintiff was operating a vehicle owned by the plaintiff's grandmother. The defendant's residual liability insurance policy excluded coverage for bodily injury to an "insured person," which the policy defined as the policyholder or a member of the policyholder's family. On cross-motions for summary disposition, the court, Donald A. Teeple, J., granted summary disposition for the plaintiff. The defendant appealed.

The Court of Appeals *held*:

The no-fault act, MCL 500.3101 *et seq.*, does not require residual liability coverage for an insured's operation of a vehicle that the insured neither owns nor has registered and that is unambiguously excluded from the insured's insurance pursuant to a valid exclusion. The "insured person" exclusion has not been found to be invalid in the context of a claim under the no-fault act for residual liability insurance where the insured was driving a vehicle neither owned nor registered by the insured.

Reversed and remanded for entry of judgment in favor of the defendant.

INSURANCE — NO-FAULT — RESIDUAL LIABILITY — VEHICLES NOT OWNED OR REGISTERED BY INSUREDS.

The no-fault act does not require residual liability coverage for an insured's operation of a vehicle that the insured neither owns or has registered and that is unambiguously excluded from the insured's insurance pursuant to a valid exclusion (MCL 500.3101 *et seq.*).

*John S. Paterson* for the plaintiff.

*Foster, Swift, Collins & Smith, P.C.* (by *William R. Schulz*), for the defendant.

Before: WHITE, P.J., and NEFF and JANSEN, JJ.

PER CURIAM. Defendant appeals as of right from the trial court's order denying its motion for summary disposition and granting summary disposition in favor of plaintiff. We reverse and remand for an order of judgment in favor of defendant.

Plaintiff accidentally struck and killed her two-year-old daughter while operating a vehicle owned by plaintiff's grandmother. The grandmother's vehicle was insured by Allstate Insurance Company. Plaintiff owned a vehicle insured by defendant. Defendant issued a residual liability insurance policy to plaintiff covering her own vehicle (which was not involved in the accident) and defendant's policy excluded coverage for bodily injury to "an insured person." The policy defined "insured person" as the policyholder or a member of the policyholder's family. Thus, it is undisputed that plaintiff's daughter was an insured person within the meaning of the policy.

Defendant refused to defend or indemnify plaintiff in proceedings brought by the personal representative of the child's estate. Plaintiff filed a complaint for declaratory judgment, seeking a ruling that defendant was obligated to provide a defense and indemnification. Defendant moved for summary disposition pursuant to MCR 2.116(C)(10). The trial court granted summary disposition in favor of plaintiff on the authority of *State Farm Mut Auto Ins Co v Sivey*, 404 Mich 51; 272 NW2d 555 (1978). In *Sivey*, State Farm insured a vehicle owned by Emily Sivey and her father. Sivey was a passenger in her vehicle while it

was being driven by Sandra Andary, and they were involved in an accident in which Sivey was injured. Sivey filed suit against Andary and the driver of the other vehicle involved. Andary claimed protection by the insurance policy issued by State Farm for Sivey's vehicle. State Farm claimed that the policy did not provide bodily injury liability coverage to Sivey under the exclusion denying coverage for "bodily injury to any insured." The Supreme Court concluded that this clause is against public policy because its operation would prevent coverage required by the financial responsibility act. MCL 257.520.

Defendant, however, contends that an exclusion from residual liability coverage contained in a policy issued to the driver who did not own the vehicle involved in the accident is valid and must be enforced, relying on *Citizens Ins Co v Federated Mut Ins Co*, 448 Mich 225; 531 NW2d 138 (1995), and *Husted v Auto-Owners Ins Co*, 459 Mich 500; 591 NW2d 642 (1999). Defendant asserts that although *Citizens* and *Husted* did not deal with the insured person exclusion, their central holdings, i.e., that an insurer need not provide residual liability coverage to its insured when the insured is operating a vehicle that the insured does not own, validates the application of the insured person exclusion in plaintiff's policy.

In *Citizens*, Martina Wiswell was injured while a passenger in a rental vehicle insured by Federated and driven by another person whose no-fault insurer was State Farm. State Farm denied coverage on the basis of a "car business" exclusion. The Supreme Court initially noted that the no-fault act requires that a policy sold under the act must provide residual lia-

bility coverage for use of the *vehicle insured. Id.* at 230. The Supreme Court further stated that "one who uses another's vehicle generally is not required to provide residual liability coverage for injuries or death arising from use of that other vehicle." *Id.* at 235-236. Because residual liability coverage for another vehicle is optional, the extent of an insurer's obligation is governed by the terms of the insurance policy. *Id.* at 236. The Supreme Court upheld the "car business" exclusion contained in State Farm's policy as not being violative of the no-fault act, MCL 500.3101 *et seq.*, and ruled that State Farm was not liable for the payment of residual liability benefits.

In *Husted,* Henry Dobbs was driving his employer's uninsured vehicle and struck and killed Richard Husted while Husted was driving his motorcycle. Dobbs had automobile insurance with Auto-Owners. Auto-Owners denied coverage under a "business-use" exclusion. The Supreme Court held that the no-fault act does not require residual liability coverage for an insured's operation of a vehicle that the insured neither owns nor has registered and that is unambiguously excluded from the insured's insurance pursuant to a valid exclusion. *Id.* at 517.

Here, plaintiff was not driving her own vehicle when the accident occurred. As held in *Citizens* and *Husted,* plaintiff was not required to have residual liability coverage for her operation of a vehicle that she did not own or register. See MCL 500.3101. She was only required to carry residual liability coverage for her own vehicle, and she had such coverage. Plaintiff argues, however, that *Sivey* is controlling because the Court there held as a general matter that the "insured person" exclusion is invalid and that the *Husted* test

cannot be met here because *Husted* held that the no-fault act does not require residual liability coverage for an insured's operation of a vehicle that the insured neither owns nor has registered and that is unambiguously excluded under a *valid* exclusion.

We disagree with plaintiff's contention that the holding in *Sivey* is so broad that the "insured person" exclusion is always invalid. The Supreme Court did not consider the no-fault act in *Sivey*. Rather, the Court held that the "insured person" exclusion was against public policy because its operation prevented coverage required by the financial responsibility act, not the no-fault act, and further noted that "the Legislature intended that there be coverage in circumstances such as are present here," *Sivey, supra* at 58, those circumstances being that the insured was injured while a passenger in her own vehicle. The present case, on the other hand, involves a claim under the no-fault act for residual liability insurance where plaintiff was not driving her own vehicle.

We find that *Citizens* and *Husted* are controlling. Although plaintiff had residual liability coverage issued by her insurer, the exclusion unambiguously states that there is no coverage for "bodily injury to an insured person." The Supreme Court has not found the "insured person" exclusion to be invalid in the context of a claim under the no-fault act for residual liability insurance where the insured was driving a vehicle neither owned nor registered by the insured. We emphasize the fact that defendant is not the insurer of the vehicle involved in the accident, but of the driver involved. This is an owner's policy and the insurer is not required under the no-fault act to provide blanket portable coverage to the insured when

the insured drives another person's insured vehicle. *Citizens, supra* at 237-238. Instead, any coverage is afforded by the insurance policy issued for the vehicle involved in the accident, that being plaintiff's grandmother's vehicle.

To the extent that plaintiff claims that she had a reasonable expectation that she would be covered by her insurance policy when she drove any vehicle, we reject that contention because where an exclusion is clear and unambiguous, "the rule of reasonable expectations has no applicability." *Farm Bureau Mut Ins Co v Nikkel,* 460 Mich 558, 569; 596 NW2d 915 (1999); see also *Citizens, supra* at 237.

Further, to the extent that plaintiff argues that the exclusion violates public policy because it is in conflict with the abolition of intrafamily immunity, we note that this argument has been rejected by this Court in *Farm Bureau Mut Ins Co v Moore,* 190 Mich App 115; 475 NW2d 375 (1991), and *Bogas v Allstate Ins Co,* 221 Mich App 576; 562 NW2d 236 (1997).

Accordingly, for the reasons set forth, the trial court erred in granting summary disposition in favor of plaintiff and denying defendant's motion for summary disposition.

Reversed and remanded for entry of an order of judgment in favor of defendant.