MANIER v MIC GENERAL INSURANCE CORPORATION

Docket No. 279586. Submitted November 4, 2008, at Detroit. Decided
        November 13, 2008, at 9:00 a.m.

> Terry D. Manier and minors James A. Manier, Shaniqua J. Hughes,
> and William D. Manier, through their next friend, Terry D. Manier,
> brought an action in the Washtenaw Circuit Court against no-fault
> insurer MIC General Insurance Corporation. The plaintiffs sought
> first-party no-fault benefits for injuries sustained by the minors in
> an automobile accident and a declaration that the defendant had
> improperly reformed the insurance policy covering Terry Manier
> and the Oldsmobile in which the minors were passengers at the
> time of the accident. The defendant's policy had been issued to
> Manier's parents, Alice and Clarence Burton, listed Terry Manier
> as driver of the Oldsmobile, and included a household exclusion
> that limited benefits for bodily injury sustained by the insureds
> and members of their family to the minimum limits required by
> the financial responsibility laws of Michigan. After the accident,
> upon learning that Terry Manier did not reside with his parents
> and kept the Oldsmobile at his residence, the defendant had
> reformed the policy only to correct Terry Manier's address. The
> defendant had also paid first-party no-fault benefits for the mi-
> nors. The court, Melinda Morris, J., granted summary disposition
> for the defendant, ruling that Alice Burton had misrepresented
> Terry Manier's address to the defendant and declaring that the
> statutory minimum of $20,000 a person and $40,000 each accident
> was the limit for claims by family members, as specified in the
> household exclusion. The plaintiffs appealed.

> The Court of Appeals held:

> 1. The circuit court correctly determined that Alice Burton's
> misrepresentation concerning Terry Manier's residence entitled
> the defendant to reform the policy. When fraud is used by an
> insurer as a defense, the critical issue is whether the fraud could
> have been ascertained early by the insurer at the time the contract
> of insurance was entered into. An insurer does not owe a duty to
> an insured to investigate or verify a policy applicant's representa-
> tions or to discover intentional material misrepresentations. Alice
> Burton told the defendant that Terry Manier resided in her home,

and the defendant could not have easily ascertained Alice Burton's misrepresentations at the time she made them.

2. The defendant did not unlawfully reform the policy. Reformation or rescission may occur if fraud or a material misrepresentation occurred, the insurance coverage was considered optional, and the fraud could not have been ascertained easily by the insurer. Although an insurer is estopped from asserting fraud to rescind coverage applicable to an innocent third party, an insurer is not precluded from rescinding the policy to void any optional insurance coverage. Optional coverage includes any lawful coverage in excess of or in addition to mandatory minimum coverage specified for a motor-vehicle liability policy. In this case, the defendant, in reforming the policy, did not alter the original liability coverage limit.

3. The household exclusion in this case limits liability coverage to the minimum provided in MCL 257.520(b)(2) and thus complies with the minimum coverage requirement of the financial responsibility act, MCL 257.501 *et seq.*

Affirmed.

*Darnell & Lulgjuraj, P.C.* (by *Nik Lulgjuraj*), for the plaintiffs.

*Harvey Kruse, P.C.* (by *Michael F. Schmidt*), for the defendant.

Before: GLEICHER, P.J., and KELLY and MURRAY, JJ.

PER CURIAM. In this insurance coverage dispute, plaintiffs appeal as of right the circuit court's order granting summary disposition in favor of defendant. We affirm.

On July 8, 2005, Terry Manier's two children and minor ward sustained injuries in a motor vehicle crash. The children were in a 2001 Oldsmobile Silhouette owned by Manier and Alice Burton, his mother, and driven by Manier's girlfriend. Several months before the accident, defendant issued Alice and Clarence Burton, Manier's parents, a no-fault automobile insurance

policy that covered the Silhouette and several other vehicles. The insurance policy listed Manier as a driver of the Silhouette.

After the accident, defendant determined that the Burtons' application for no-fault insurance coverage of the Silhouette had misrepresented that Manier lived with the Burtons in their Westland home, and that the vehicle would be stored in Westland. Manier, his girlfriend, and the children actually lived in Ypsilanti and kept the vehicle there. Despite this misrepresentation, defendant paid all first-party no-fault personal protection insurance benefit (PIP) claims submitted on behalf of Manier's children and ward. On October 11, 2005, defendant reformed the policy retroactive to March 12, 2005. The reformation corrected Manier's address, but made no other substantive changes. The reformed policy maintained the insurance coverage limits stated in the original policy, $100,000 a person, with a $300,000 limit for a single accident. Both the original and the reformed policies contained identical household exclusions restricting liability coverage: "*Bodily injury* to *you* or a *family member*. This exclusion applies only to damages in excess of the minimum limits required by the Financial Responsibility Laws of the state of Michigan." (Emphasis in original.)

On July 5, 2006, Manier sued defendant, seeking payment of first-party no-fault benefits and a declaration that defendant had improperly reformed the insurance policy by reducing the liability coverage. Manier's complaint asserted that he had made no misrepresentations, and that "[d]efendant knew, should have known or easily could have known that the Plaintiff, TERRY D. MANIER, resided in Ypsilanti."

On March 9, 2007, defendant filed a motion seeking summary disposition under MCR 2.116(C)(10), alleging

that it had paid all first-party no-fault benefit claims arising from the accident and that the reformed policy included the same liability coverage as the original policy. Manier responded that defendant could not reform the policy because the children qualified as "innocent third parties" and that the household exclusion could not apply in Michigan. In support of Manier's claim regarding the misrepresentation, he submitted the Michigan vehicle registration for the Silhouette, which reflected his Ypsilanti address, and an affidavit stating that "some time in March of 2005, someone from the Defendant called me to confirm information and I told that person that I lived in Ypsilanti."

At a summary disposition hearing conducted on May 2, 2007, Manier's counsel conceded that defendant had paid the children's first-party no-fault benefits, and the circuit court granted defendant summary disposition regarding that claim. Manier's counsel further admitted that Alice Burton had misrepresented the location of Manier's residence, but contended that defendant bore an obligation to independently investigate Manier's address. The circuit court found that Burton had misrepresented Manier's address, and granted summary disposition to defendant with respect to the liability coverage issue. In the final dismissal order entered on July 13, 2007, the circuit court ruled that "$20,000 per person/$40,000 per accident" constituted the maximum liability coverage available under the reformed policy for any claims made by a "family member."

Plaintiff raises several challenges to the circuit court's order of dismissal. This Court reviews de novo a circuit court's summary disposition ruling. *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any

material fact and the moving party is entitled to judgment as a matter of law." *West v General Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial." *Walsh, supra* at 621. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West, supra* at 183.

Manier first challenges the circuit court's misrepresentation ruling, contending that regardless of any misstatements by Burton, defendant failed to dispute its awareness that Manier actually resided in Ypsilanti. Alternatively, Manier asserts that defendant easily could have ascertained his address by reviewing public records like his driver's license and the vehicle's registration. In support of these arguments, Manier cites *Farmers Ins Exch v Anderson*, 206 Mich App 214, 219; 520 NW2d 686 (1994). In *Farmers*, defendant Joyce Anderson's application for no-fault insurance coverage failed to disclose that her son, Jack Dillon, would be operating the subject vehicle. *Id.* at 216. Dillon's driver's license had been revoked, and he was ineligible for motor vehicle coverage. *Id.* After Dillon became involved in an accident that resulted in the death of another driver, Farmers claimed that Anderson had procured the policy by fraud and rescinded the policy. *Id.* at 215-216. This Court held that an insurance company may "use fraud as a defense to limit coverage under the policy to the statutory minimum." *Id.* at 221. However, this Court observed that a "validly imposed defense of fraud" will not "absolutely void any optional

excess insurance coverage in all cases," explaining that "when fraud is used as a defense in situations such as these, the critical issue necessarily becomes whether the fraud could have been ascertained easily by the insurer at the time the contract of insurance was entered into." *Id.* at 219. Given that Dillon's name did not appear in Anderson's application, this Court determined that "it would have been virtually impossible for Farmers to know that it should obtain Dillon's driving record, because it had no reason to believe that he would be operating the subject vehicle." *Id.* at 220.

In *Hammoud v Metropolitan Prop & Cas Ins Co*, 222 Mich App 485, 489; 563 NW2d 716 (1997), this Court held that "an insurer does not owe a duty to the insured to investigate or verify" a policy applicant's representations "or to discover intentional material misrepresentations." Here, Alice Burton advised defendant that Manier resided in her home, and claimed to have no awareness of Manier's driver's license number. Burton also failed to advise defendant that Manier's girlfriend drove the Silhouette. Reviewing the issue de novo, we conclude that defendant could not have "easily ascertained" Burton's misrepresentations at the time she made them. Because no duty of investigation compelled defendant to perform further research regarding Manier's residence, *Farmers* does not control this case, and the circuit court correctly determined that Burton's misrepresentation entitled defendant to reform the policy.

Manier next contends that because the injured minors qualify as "innocent third parties," defendant cannot reform the policy. According to Manier, *Liberty Mut Ins Co v Michigan Catastrophic Claims Ass'n*, 248 Mich App 35, 48; 638 NW2d 155 (2001), supports the proposition that defendant is estopped from reforming

the policy because the children cannot face responsibility for Burton's misrepresentations. In *Liberty*, this Court observed in a footnote that "reformation or rescission may occur if fraud or a material misrepresentation occurred, the insurance coverage was considered optional, and the fraud could not have been ascertained easily by the insurer." *Id.* at 48 n 2.

In *Lake States Ins Co v Wilson*, 231 Mich App 327, 331-332; 586 NW2d 113 (1998), we held that although an insurance company is estopped from asserting fraud to rescind coverage applicable to an innocent third party, "an insurer is not precluded from rescinding the policy to void any 'optional' insurance coverage[.]" "Optional" coverage includes " 'any lawful coverage in excess of or in addition to the [mandatory minimum] coverage specified for a motor vehicle liability policy.' " *Id.* at 332 n 2, quoting MCL 257.520(g). Here, defendant reformed the policy without altering the original liability coverage limit of $100,000 a person and $300,000 for each occurrence. Therefore, we reject as factually unfounded Manier's claim that defendant unlawfully reformed the policy.

Lastly, Manier asserts that Michigan's financial responsibility statute, MCL 257.501 *et seq.*, forbids defendant's household-related exclusion. The financial responsibility act requires certain motor vehicle insurance for the owner or operator of a vehicle, including minimum coverage limits of $20,000 per person and $40,000 per occurrence for injury arising out of the ownership, maintenance, or use of the vehicle. MCL 257.520(b)(2). According to Manier, *Gurwin v Alcodray*, 77 Mich App 97; 257 NW2d 665 (1977), "settled" this issue by holding that household exclusions violate public policy and the financial responsibility act. In *Gur-*

*win*, the exclusion eliminated liability coverage for members of the insured's household. *Id.* at 99.

But the exclusion at issue in this case does not eliminate coverage for members of the insured's household; rather, it limits liability coverage to the minimum provided in MCL 257.520(b)(2). If a clause in an insurance policy is clear and does not contravene public policy, it must be enforced as written. *Farm Bureau Mut Ins Co of Michigan v Nikkel*, 460 Mich 558, 568; 596 NW2d 915 (1999). "An insurer is free to define or limit the scope of coverage as long as the policy language fairly leads to only one reasonable interpretation and is not in contravention of public policy." *Heniser v Frankenmuth Mut Ins Co*, 449 Mich 155, 161; 534 NW2d 502 (1995). Manier has not identified any Michigan caselaw invalidating a no-fault policy's household exclusion, where statutorily adequate residual liability coverage exists. This Court has upheld household exclusions in other circumstances. *Bogas v Allstate Ins Co*, 221 Mich App 576; 562 NW2d 236 (1997), and *Geller v Farmers Ins Exch*, 253 Mich App 664; 659 NW2d 646 (2002). Consequently, we reject Manier's claim regarding the validity of the household exclusion.

Affirmed.