HATHAWAY, J.
(dissenting). I would affirm the Court of Appeals’ well-reasoned opinion in this case. I believe that the “easily ascertainable” rule should remain the law of this state because it is soundly based in existing caselaw and this state’s policy regarding automotive liability insurance and compensation for innocent third-party accident victims.
Judges in numerous cases have considered the “easily ascertainable” rule and have concluded that it is consistent with this state’s policies. Today, however, the majority discards the analyses of those judges and overrules the unanimous opinion of this Court in State Farm Mut Auto Ins Co v Sivey, 404 Mich 51; 272 NW2d 555 (1978); the unanimous Court of Appeals opinion in State Farm Mut Auto Ins Co v Kurylowicz, 67 Mich App 568; 242 NW2d 530 (1976); the unanimous Court of *574 Appeals opinion in Ohio Farmers Ins Co v Mich Mut Ins Co, 179 Mich App 355; 445 NW2d 228 (1989); the unanimous Court of Appeals opinion in Farmers Ins Exch v Anderson, 206 Mich App 214; 520 NW2d 686 (1994); the unanimous Court of Appeals opinion in Manier v MIC Gen Ins Corp, 281 Mich App 485; 760 NW2d 293 (2008); and the unanimous decision by the Court of Appeals pertaining to the facts of this case.[1]
Together, those cases represent 36 years of thoughtfully analyzed and legally sound caselaw interpreting the no-fault act.[2] The majority overrules this entire body of caselaw despite the fact that there have been no amendments of any relevant statute that would indicate that the Legislature intended to do away with the “easily ascertainable” rule.
I would affirm the judgment of the Court of Appeals because it went through a careful and correct analysis of the statutory and common-law underpinnings of the rule and the reasons why the rule is necessary. Furthermore, the Court of Appeals correctly applied the rule in this case to hold that plaintiff, Titan Insurance Company, cannot reform its insurance policy in order to avoid the maximum liability owed under the policy to the innocent third-party defendants, Howard and Martha Holmes. Accordingly, I would adopt the Court of Appeals’ well-reasoned opinion in its entirety.
CAVANAGH and MAKILYN KELLY, JJ., concurred with Hathaway, J.

 Titan Ins Co v Hyten, 291 Mich App 445; 805 NW2d 503 (2011).

 MCL 500.3101 et seq.