**OLD LINE LIFE INSURANCE COMPANY OF AMERICA, Plaintiff/Counter–Defendant,**

v.

**David K. GARCIA, Defendant/Counter–Claimant.**

No. CIV. 02–40239.

United States District Court,
E.D. Michigan,
Southern Division.

March 18, 2004.

Michelle V. Thurber, Dickinson Wright (Detroit), Kelley M. Crutchfield, Dickinson Wright, Detroit, MI, for Plaintiff.

John P. Nicolucci, Foster, Swift, Stephen O. Schultz, Foster, Swift, Lansing, MI, for Defendant.

### *OPINION AND ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF*

GADOLA, District Judge.

This is a diversity case that concerns a dispute about a life insurance policy. *See* 28 U.S.C. § 1332. Before the Court are the parties' opposing motions for summary judgment. *See* Fed.R.Civ.P. 56(c). The Court elects to proceed without a hearing. *See* E.D. Mich. LR 7.1(e)(2). For the reasons set forth below, the Court will grant Plaintiff's summary judgment motion and deny Defendant's summary judgment motion.

### I. BACKGROUND

On January 12, 2001, just four days before her sixty-ninth birthday, Patricia F. Garcia applied for a $2,000,000.00 term life insurance policy with Plaintiff. Mrs. Garcia named her son, Defendant, as the sole beneficiary.

At the time of this application, Mrs. Garcia had three other term life insurance policies in effect. The coverage of these three policies totaled $2,000,000.00, and Defendant was the sole beneficiary of each policy. First, she had a $500,000.00 policy with a term end date of 2003. Second, she had a $1,000,000.00 policy with a term end date of 2008. Third, she had a $500,000.00 policy with a term end date of 2009. These three policies were not issued by Plaintiff but by other insurance companies.

On her application to Plaintiff, Mrs. Garcia identified these three policies and indicated "replacement" in a box next to each policy. The application stated: "Replacement means that the insurance being applied for may replace, change, or use any monetary value of any existing or pending life insurance policy or annuity. If replacement may be involved, complete and submit replacement-related forms." Pl. Mot. Ex. C at 3.

Mrs. Garcia then completed a "notice to applicants regarding replacement of life insurance" in which she stated: "The life insurance I intend to purchase from [Plaintiff] may replace or alter existing life insurance." Pl. Mot. Ex. D at 2. On this notice, she again identified the three aforementioned policies.

On March 15, 2001, Plaintiff contacted Mrs. Garcia by telephone to discuss her application. During this interview, Plaintiff asked: "Will this insurance replace any insurance in force?" Pl. Mot. Ex. E at ¶ 45. To this question, Mrs. Garcia said "Yes." *Id.* Plaintiff then asked: "What is the amount of the policy that is being replaced?" *Id.* at ¶ 47. To this question, Mrs. Garcia stated "2,000,000." *Id.*

Thereafter, Plaintiff approved Mrs. Garcia for the $2,000,000.00 policy (Policy No. MM0182996). Coverage began on May 16, 2001, when Defendant paid the first premium in full. The term was ten years; thus, the term end date was 2011.

On January 24, 2002, Mrs. Garcia died of lung cancer. Upon review, Plaintiff discovered that the three other aforementioned term life insurance policies were in force at the time of Mrs. Garcia's death. Together, these three policies have paid Defendant a total of $2,000,000.00 in death benefits.

To date, Plaintiff has declined to pay its policy's $2,000,000.00 death benefit to Defendant. Plaintiff claims that it would not have issued the $2,000,000.00 policy if it had known that Mrs. Garcia would not terminate her three existing policies totaling $2,000,000.00 because, at the combined level of $4,000,000.00, Plaintiff would have considered Mrs. Garcia overinsured under its guidelines. That is, according to Plaintiff's underwriter who reviewed and approved Mrs. Garcia's application, Mrs. Garcia "could not have kept the other policies and still been eligible for an additional $2 million worth of coverage." Pl. Mot. Ex. J at 87.

Consequently, on July 27, 2002, Plaintiff filed a complaint for declaratory judgment and rescission. Plaintiff seeks to have the Court declare the insurance contract at issue void and rescinded due to a material misrepresentation and/or a failure to satisfy a material condition of the contract. Thereby, Plaintiff seeks to have the Court declare Plaintiff not liable to Defendant for the death benefit under this insurance contract. On August 5, 2002, Defendant filed a counterclaim alleging that Plaintiff's failure to pay the death benefit constitutes a breach of contract. Both parties have moved for summary judgment.

## II. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to inter-

rogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). Summary judgment is appropriate when the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Martin v. Ohio Tpk. Comm'n,* 968 F.2d 606, 608 (6th Cir.1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party. *See 60 Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *See id.* at 1435–36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *See id.* at 1435.

A fact is "material" for purposes of summary judgment when proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *See Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Thus, if a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *See id.; Feliciano v. City of Cleveland,* 988 F.2d 649, 654 (6th Cir.1993).

Once the moving party carries the initial burden of demonstrating that no genuine issues of material fact are in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. As the Supreme Court of the United States has stated: "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505 (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 290, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); *Dombrowski v. Eastland,* 387 U.S. 82, 87 S.Ct. 1425, 18 L.Ed.2d 577 (1967)); *see also Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *See Lucas v. Leaseway Multi Transp. Serv., Inc.,* 738 F.Supp. 214, 217 (E.D.Mich.1990) (Gadola, J.), *aff'd,* 929 F.2d 701 (6th Cir.1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505; *see also Cox v. Ky. Dep't of Transp.,* 53 F.3d 146, 150 (6th Cir.1995).

### III. ANALYSIS

"To rescind a contract is not merely to terminate it, but to abrogate and

undo it from the beginning; that is, not merely to release the parties from further obligation to each other in respect to the subject of the contract, but to annul the contract and restore the parties to the relative positions which they would have occupied if no such contract had ever been made." *Lash v. Allstate Ins. Co.*, 210 Mich.App. 98, 102–03, 532 N.W.2d 869, 872 (1995) (internal quotations omitted).

■ It is well-settled law, that when "an insured makes a material misrepresentation in the application for insurance ... the insurer is entitled to rescind the policy." *Lake States Ins. Co. v. Wilson*, 231 Mich.App. 327, 331, 586 N.W.2d 113, 115 (1998) (per curiam). A misrepresentation is material in the insurance setting if, but for the misstatement in question, the insurer would have refused to enter into the insurance contract. *See Oade v. Jackson Nat'l Life Ins. Co. of Mich.*, 465 Mich. 244, 251, 632 N.W.2d 126, 129 (2001).

■ Furthermore, "[r]escission is justified without regard to the intentional nature of the misrepresentation, as long as it is relied upon by the insurer." *Lake States*, 231 Mich.App. at 331, 586 N.W.2d at 115. In other words, rescission is available whether the insured's misrepresentation is intentional or innocent but, if it is innocent, the insurer must have relied upon the misrepresentation when entering into the contract. *See Lash*, 210 Mich. App. at 103, 532 N.W.2d at 872. If, on the other hand, the misrepresentation is intentional, reliance need not be shown. "Reliance may exist when the misrepresentation relates to the insurer's guidelines for determining eligibility for coverage." *Lake States*, 231 Mich.App. at 331, 586 N.W.2d at 115; *see also Lash*, 210 Mich. App. at 103, 532 N.W.2d at 872.

Applying these principles to the case at bar, the Court concludes that Plaintiff is entitled to rescission because Plaintiff relied upon a material misrepresentation by Mrs. Garcia when entering into the insurance contract at issue. Based upon Mrs. Garcia's written application materials as well as her responses in Plaintiff's telephone interview, Mrs. Garcia led Plaintiff to believe that she would replace her existing $2,000,000.00 worth of life insurance coverage, which was due to partially lapse in 2003 and fully lapse in 2009, with new coverage at the same $2,000,000.00 level, which would not lapse until 2011. Contrary to her representation, however, Mrs. Garcia did not intend to replace her existing coverage: as Defendant concedes in his deposition, Mrs. Garcia and Defendant intended Plaintiff's policy to provide additional coverage and terminating the existing policies was out of the question. *See* Pl. Resp. Ex. H at 94, ln. 17 ("[W]e would have never cancelled those policies."); *see also id.* at 94, ln. 22–23; Pl. Mot. Ex. A at 65, ln.13–15. This admission by Defendant is bolstered by the fact that in the eight months between the start of coverage and Mrs. Garcia's death, the existing coverage was not terminated. Based upon this misrepresentation, Mrs. Garcia induced Plaintiff into entering the insurance contract. *See Oade*, 465 Mich. at 251, 632 N.W.2d at 130. Plaintiff would not have issued the $2,000,000.00 policy had it known that Mrs. Garcia would not terminate her existing $2,000,000.00 worth of coverage because Mrs. Garcia would have been overinsured and, as a consequence, ineligible under Plaintiff's guidelines. *See* Pl. Mot. Ex. J at 87; *Lake States*, 231 Mich.App. at 331, 586 N.W.2d at 115; *Lash*, 210 Mich.App. at 103, 532 N.W.2d at 872. Therefore, Plaintiff is entitled to rescission because it has established a misrepresentation that was material and upon which it relied in entering the insurance contract in question.

Defendant raises two arguments against rescission both of which lack merit. First, Defendant claims that the written applica-

tion materials were ambiguous with respect to the issue of replacement and that, as a result, Mrs. Garcia did not know that she was representing to Plaintiff an intention to replace her existing coverage. However, even assuming that the materials were ambiguous in this regard, there is no ambiguity in the telephone interview. In the interview, Mrs. Garcia unequivocally represented to Plaintiff that the new $2,000,000.00 worth of coverage was to replace her existing $2,000,000.00 worth of coverage. *See* Pl. Mot. Ex. E at ¶¶ 45 & 47. *See also* Pl. Resp. Br. at 9–10. Moreover, as discussed *supra*, rescission is available even when the insured's misrepresentation is innocent. *See Lake States,* 231 Mich.App. at 331, 586 N.W.2d at 115; *Lash,* 210 Mich.App. at 103, 532 N.W.2d at 872. Therefore, Defendant's first argument does not preclude rescission relief.

Second, Defendant contends that the definitions of "replacement" in the Michigan Administrative Code and in Plaintiff's compliance manual support the proposition that "replacement" is optional and could occur at any time, such as when the existing coverage lapses at a term end date. Defendant, however, fails to address crucial language in these definitions that contradict his argument. The respective definitions state that, when a policy replaces another, the existing policy will lapse, forfeit, surrender, or terminate "as part of the transaction" or "by reason of such transaction." Mich. Admin. Code R. 500.601(c); Pl. Resp. Ex. Q at 16–17. Each definition clearly contemplates the imminent lapse, forfeiture, surrender, or termination of the existing coverage upon the issuance of the new coverage and not a lapse of two, seven, or eight years after the effective date of the new coverage (as would be the case here with respect to the term end dates of the three existing policies). *See* Pl. Resp. Br. at 11; Pl. Reply Br. at 1. If Defendant's definition of replacement was accurate, an insured who is only eligible and approved for $2,000,000.00 worth of coverage could carry $4,000,000.00 worth of coverage for most, if not all, of the term for which the insured is approved. Such a result is contrary to common sense as well as the two aforementioned definitions upon which Defendant relies. Consequently, Defendant's second argument against rescission is without merit.

Therefore, the Court will grant Plaintiff's summary judgment motion because Plaintiff is entitled to the equitable remedies it seeks. *See* 28 U.S.C. § 2201(a); *QQC, Inc. v. Hewlett–Packard Co.,* 258 F.Supp.2d 718, 724–26 (E.D.Mich.2003) (Gadola, J.). Additionally, as the Court will declare that the insurance contract is rescinded and that Plaintiff is not liable to Defendant for the death benefit under the contract, the Court will deny Defendant's summary judgment motion and, as a result, will dismiss Defendant's breach-of-contract counterclaim with prejudice.

## IV. CONCLUSION

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's motion for summary judgment [docket entry 20] is **GRANTED.**

**IT IS FURTHER ORDERED AND DECLARED** that the insurance contract (Policy No. MM0182996) between Plaintiff and Patricia F. Garcia, to which Defendant is the sole beneficiary, is **VOID AND RESCINDED** and that Plaintiff is **NOT LIABLE** for payment of the death benefit to Defendant under this insurance contract.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment [docket entry 23] is **DENIED** and that, as a result, Defendant's counterclaim [docket entry 4] is **DISMISSED WITH PREJUDICE.**

**SO ORDERED.**

### *JUDGMENT*

This civil action having come before this Court, the Honorable Paul V. Gadola presiding, the issues having been fully presented, the Court being fully advised in the premises, and a ruling having been duly rendered,

**IT IS ORDERED, ADJUDGED, AND DECLARED** that the insurance contract (Policy No. MM0182996) between Plaintiff and Patricia F. Garcia, to which Defendant is the sole beneficiary, is **VOID AND RESCINDED** and that Plaintiff is **NOT LIABLE** for payment of the death benefit to Defendant under this insurance contract.

**IT IS FURTHER ORDERED AND ADJUDGED** that, with respect to Defendant's counterclaim, Defendant is entitled to **NO RELIEF** and that this counterclaim be, and the same hereby is, **DISMISSED WITH PREJUDICE.**