LAKE STATES INSURANCE COMPANY v WILSON

Docket No. 200038. Submitted July 14, 1998, at Grand Rapids. Decided August 21, 1998, at 9:10 A.M. Leave to appeal sought.

Lake States Insurance Company brought an action in the Grand Traverse Circuit Court against June Wilson and Rayne Wilson, seeking to reform the no-fault automobile insurance policy that it had issued to June Wilson to provide for coordination of the policy's personal injury protection benefits payable by reason of the injuries suffered by Rayne Wilson in an automobile accident with the benefits payable under her health care policy. June Wilson's application for the insurance policy indicated that she was the only person living in her household, an assertion that was again made by her insurance agent in response to a subsequent communication from the plaintiff specifically requesting information concerning who were members of June Wilson's household, even though there was at the time five persons, including defendant Rayne Wilson and Donna Wilson, who had a previous conviction of driving under the influence of alcohol. Following the accident in which she was injured, Rayne Wilson sought, and the plaintiff paid, personal injury protection benefits for a period of sixteen months, including payment of expenses that had also been paid to Rayne Wilson under a health care policy. Thereafter, the plaintiff refused to make further payments for medical expenses on the ground that had June Wilson disclosed that Donna Wilson was a member of her household, it would not have issued the policy because of Donna Wilson's driving record. In its action, the plaintiff asserted that June Wilson's misrepresentations caused it to be entitled to reformation of the policy to include coordination with the medical benefits despite the fact that Rayne Wilson had already been injured. The court, Philip E. Rodgers, Jr., J., denied summary disposition for the plaintiff and granted summary disposition for the defendants, holding that the risk of loss resulting from an insured's misrepresentation should fall on the insurer rather than on an innocent third party. The plaintiff appealed.

The Court of Appeals held:

1. Where an insured makes a material misrepresentation in an application for insurance, the insurer is entitled to rescind the policy and declare it void ab initio as long as the insurer relied on the

misrepresentation in issuing the policy. However, once an innocent third party is injured in an accident that is subject to the coverage of such a policy, the insurer is estopped from rescinding the policy on the basis of the insured's fraud or misrepresentation. An insurer issuing a policy covering motor vehicle liability is not, however, precluded from rescinding any optional coverage, unless the fraud or misrepresentation could have been ascertained easily by the insurer.

2. Optional coverage is defined in subsection 520(g) of the financial responsibility act, MCL 257.520(g); MSA 9.2220(g), as a coverage in excess of the statutorily mandated coverage. Because an insurer is not required to include in an automobile no-fault policy coverage that does not coordinate no-fault personal injury protection benefits with benefits under a health care policy, and indeed is required to offer an insured a no-fault policy having such coordination of benefits, the offering of noncoordinated benefits is optional coverage that is subject to rescission even after a loss has been suffered by an innocent third party, providing that the insurer could not have ascertained easily the insured's fraud or misrepresentation.

3. Because both the application and the subsequent inquiry by the plaintiff revealed that there was no other residents or drivers in the insured's household, the plaintiff could not have ascertained easily the insured's misrepresentations. Accordingly, the court erred in denying summary disposition for the plaintiff and in granting summary disposition for the defendants.

Reversed.

INSURANCE — NO-FAULT — OPTIONAL COVERAGE — PERSONAL INJURY PROTEC-
    TION BENEFITS — HEALTH CARE COVERAGE — COORDINATION OF BENEFITS
    — REFORMATION OF CONTRACT.

Coverage under an automobile no-fault policy that provides for payment of personal injury protection benefits without coordination of those benefits with the benefits under a health care policy is optional coverage within the meaning of the financial responsibility law; an insurer that has issued a no-fault automobile policy in reliance on a misrepresentation of its insured in the application for insurance may seek to reform the policy to provide for noncoordination of benefits even after an innocent third party has suffered a compensable loss, if the insurer could not have ascertained easily the insured's fraud or misrepresentation (MCL 257.520[g]; MSA 9.2220[g]).

*Smith, Haughey, Rice & Roegge* (by *Jon D. Vander Ploeg*), for the plaintiff.

*Thompson & O' Neil, P.C.* (by *Daniel P. O'Neil*), for the defendants.

Before: DOCTOROFF, P.J., and FITZGERALD and TALBOT, JJ.

PER CURIAM. Plaintiff, Lake States Insurance Company, appeals as of right the order denying its motion for summary disposition and granting defendants' cross-motion for summary disposition pursuant to MCR 2.116(C)(10) in this action in which Lake States sought to reform a no-fault automobile insurance policy to provide coordinated personal injury protection (PIP) coverage for injuries suffered by defendant Rayne Wilson in an automobile accident. The present controversy arises from Lake States' initial payment of PIP benefits and its subsequent denial of PIP benefits, which was based on June Wilson's misrepresentation on the application for insurance. We reverse.

In June 1994, June Wilson applied for no-fault automobile insurance with Lakes States Insurance Company through the Larkin Insurance Group (Larkin). On page one of the Lake States application, June Wilson was the only person listed in a block labeled "Resident and Driver Information." This information was incorrect, because there were five persons living in the Wilson household, including Donna Wilson and her daughter, defendant Rayne Wilson. On page two of the application, above the signature block for the policyholder, was a statement that read in pertinent part: "Applicant statement: I have read the above application and I declare to the best of my knowledge and belief all of the foregoing statements are true."

June Wilson testified in her deposition that a Larkin representative typed the application and that she signed the application without reading it.

On June 15, 1994, Lake States sent a written request to Larkin for the name, date of birth, and driver's license number for all persons in the Wilson household. The request asked that the information be provided by June 29, 1994. On June 16, 1994, Lakes States issued a noncoordinated no-fault policy for June Wilson. On June 25, 1994, Larkin responded to Lake States' request by noting "none" on the letter sent by Lake States.

On July 24, 1994, Rayne Wilson was a passenger in a vehicle driven by her cousin, Twyla Shomin. The vehicle, which was insured by another insurance company, was involved in a single-car accident, and Rayne Wilson was seriously injured. At the time of the accident, Rayne Wilson was insured under a health policy issued by Blue Cross/Blue Shield Health Care.

Rayne Wilson applied for PIP benefits through Lake States. For a sixteen-month period, Lake States paid benefits, including $18,000 for expenses that were paid by Blue Cross/Blue Shield. Lake States thereafter denied further payments for medical expenses on the ground that June Wilson did not disclose that Donna Wilson, who was previously convicted of driving under the influence of alcohol in 1992, was residing in the household. Lake States asserted that Donna Wilson was ineligible for motor vehicle insurance and that therefore, Lake States would not have written the policy had it known that Donna Wilson resided in the

household.[1] Lake States filed the present action seeking to reform the policy to coordinate no-fault coverage with health coverage, so as to thereby relieve Lake States of any obligation to pay duplicative medical benefits to Rayne Wilson.

Competing motions for summary disposition were filed. The trial court, concluding that public policy required that the risk of loss resulting from an insured's misrepresentation fall on the insurer and not on an innocent third party, denied Lake States' motion for summary disposition and granted summary disposition in favor of defendants. This appeal followed.

It is the well-settled law of this state that where an insured makes a material misrepresentation in the application for insurance, including no-fault insurance, the insurer is entitled to rescind the policy and declare it void ab initio. *Lash v Allstate Ins Co*, 210 Mich App 98, 101; 532 NW2d 869 (1995). Rescission is justified without regard to the intentional nature of the misrepresentation, as long as it is relied upon by the insurer. Reliance may exist when the misrepresentation relates to the insurer's guidelines for determining eligibility for coverage. *Id.*

Nevertheless, there is an exception to this general rule. Once an innocent third party is injured in an accident in which coverage was in effect with respect to the relevant vehicle, the insurer is estopped from asserting fraud to rescind the insurance contract. MCL 257.520(f)(1); MSA 9.2220(f)(1); *Auto-Owners Ins Co v Johnson*, 209 Mich App 61, 64; 530 NW2d 485 (1995). However, an insurer is not precluded from

---

[1] Lake States continued to pay nonmedical first-party benefits.

rescinding the policy to void any "optional"[2] insurance coverage, MCL 257.520(g); MSA 9.2220(g), unless the fraud or misrepresentation could have been "ascertained easily" by the insurer. *Farmers Ins Exchange v Anderson*, 206 Mich App 214, 219; 520 NW2d 686 (1994).

Lakes States contends that noncoordinated no-fault and health insurance is "optional" and therefore that the contract should be reformed to provide coordinated coverage. In other words, Lake States asserts that its liability for PIP benefits should be limited to medical expenses not paid by Blue Cross/Blue Shield.

In light of *Farmers Ins Exchange*, we conclude that the trial court erred in holding that Lake States was equitably estopped from seeking reformation of the policy. Applying the rationale in *Farmers Ins Exchange*, Lake States would be entitled to reformation of the policy if (1) there was a material misrepresentation, (2) noncoordinated no-fault and health coverage is considered "optional," and (3) the fraud could not have been ascertained easily by the insurer at the time the contract of insurance became effective.

Our review of the record reveals that the trial court erred in denying Lake States' motion for summary disposition and for reformation of the contract. First, defendants seek duplicative medical benefits as a result of the noncoordinated nature of the policy. However, whether to coordinate no-fault and health coverage is left to the option of the insured, MCL

---

[2] "Optional" coverage, for purposes of the financial responsibility act, MCL 257.501 *et seq.*; MSA 9.2201 *et seq.*, consists of "any lawful coverage in excess of or in addition to the [mandatory minimum] coverage specified for a motor vehicle liability policy." MCL 257.520(g); MSA 9.2220(g).

500.3109a; MSA 24.13109(1), and carriers are not required in this state to provide an insured with noncoordinated coverage.[3] Thus, noncoordinated coverage, which permits duplicative medical coverage from no-fault and health insurers, is excess coverage.[4] Second, the record reveals that June Wilson's application for no-fault insurance contained a directive that she list each driver residing in her household. June Wilson listed only herself. Moreover, her signature indicated that she warranted the answers to be true and complete in every respect. We note, however, that the record reveals that there were other drivers, such as Donna Wilson, residing in June Wilson's household.[5]

Because it is clear that June Wilson made misrepresentations in the application, the issue is whether the misrepresentations could have been "ascertained easily" by Lake States. Clearly, Lake States timely

---

[3] Rather, a no-fault insured who desires duplicative medical coverage from no-fault and health insurers can, by not coordinating and thus paying a higher premium, contract for coverage both by a no-fault insurer and a health insurer. *Tousignant v Allstate Ins Co*, 444 Mich 301, 307; 506 NW2d 844 (1993).

[4] If the no-fault coverage is coordinated with health coverage, Rayne Wilson will not be deprived of any legitimately expected benefits. Indeed, the legislative purpose underlying MCL 500.3109a; MSA 24.13109(1), which requires insurers to offer coordinated no-fault automobile insurance with other health coverage, is the avoidance of duplicative payment. Further, because Lake States has never denied PIP coverage for Rayne Wilson, defendants' argument that Rayne Wilson would have been entitled to PIP benefits from the insurer of the Shomin vehicle, the second priority carrier, is misplaced. See MCL 500.31114(1); MSA 24.13114(1).

[5] Defendants' argument that Lake States could not establish fraud is without merit. As previously stated, fraudulent intent on the part of the applicant is not required as long as the insurer relied upon the misrepresentation. *Lash, supra* at 101. Here, Lake States submitted an affidavit from its underwriter stating that, pursuant to Lake States' guidelines, had it known of other drivers, particularly Donna Wilson and her OUIL conviction, it would not have issued a policy.

attempted to verify the residents and drivers in the June Wilson household. Both the application signed by June Wilson and the response from Larkin to Lake States indicated that there were no other residents or drivers in the household. Thus, we hold that Lake States could not have easily ascertained the fact that other persons and drivers resided in the June Wilson household.

Upon application of the standard set forth above, we conclude that the trial court erred in denying Lake States' motion for summary disposition to reform the insurance policy to provide for coordinated no-fault and health coverages and by granting defendants' cross-motion for summary disposition.

Reversed.