OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, without costs, the branch of defendant’s motion seeking summary judgment dismissing the complaint on the ground of lack of insurance coverage is denied, and the matter is remitted to the Civil Court for a determination of the branch of defendant’s motion seeking summary judgment dismissing the complaint on the ground of lack of medical necessity for the services rendered.
In this action by a New York City provider to recover assigned first-party no-fault benefits for services rendered to its assignor, who had allegedly sustained injuries in a New York City motor vehicle accident on July 29, 2009, defendant* moved for summary judgment dismissing the complaint on the *72 grounds that no coverage existed and that there was a lack of medical necessity for the services rendered. In support of its motion, defendant argued, among other things, that the Civil Court failed to obtain personal jurisdiction over defendant; that a conflict-of-law analysis required the application of Michigan law; and that there was a lack of coverage for the vehicle involved in the accident, as a Michigan court had issued an order, entered on default, in a declaratory judgment action, declaring the policy to be invalid at its inception due to the rescission of the insurance policy based on fraud and/or misrepresentation by the insured in procuring the Michigan policy. By order entered April 2, 2014, the Civil Court granted defendant’s motion, implicitly finding that personal jurisdiction over defendant had been acquired and holding that Michigan law controlled, pursuant to which an insurer may rescind an insurance policy and declare it void at its inception despite the fact that the claimant is an innocent third party. This appeal by plaintiff ensued. It is noted that plaintiff raises no issue regarding the Civil Court’s determination that Michigan law controls.
Despite defendant’s assertions that it does not write insurance policies or conduct business in New York, it is uncontroverted that defendant’s New York certificate of authority states that defendant is licensed to engage in specified insurance business in New York. Consequently, defendant was authorized to do business in New York State, and, pursuant to Insurance Law § 1212 (a), an insurer authorized to do business in the state must appoint the Superintendent of Insurance as its agent for service of process “in any proceeding against it on a contract delivered or issued for delivery, or on a cause of action arising, in this state” (emphasis added). Inasmuch as the cause of action in the case at bar arose in New York, we find that the service of process upon the Superintendent of Insurance was sufficient to acquire jurisdiction over defendant (see Insurance Law § 1212 [b]).
Michigan law allows for the rescission of a motor vehicle insurance policy based on fraud or a material misrepresentation in the application for insurance (see Titan Ins. Co. v Hyten, 491 Mich 547, 817 NW2d 562 [2012]; Gagnon v Citizens Ins. Co., 2013 WL 331548, *6, 2013 Mich App LEXIS 178, *15-16 [Ct App, July 30, 2013, docket No. 301188], appeal denied 494 Mich 883, 834 NW2d 503 [2013]; Lake States Ins. Co. v Wilson, 231 Mich App 327, 586 NW2d 113 [1998]). However, Michigan *73 has generally denied an insurer’s right to rescind a policy of insurance in order to avoid payment of no-fault benefits to an innocent third party (see Gagnon v Citizens Ins. Co., 2013 WL 331548, *6, 2013 Mich App LEXIS 178, *15-16; Great Lakes Cas. Ins. Co. v Auto Owners Ins. Co., 2010 WL 2595102, *1, 2010 Mich App LEXIS 1213, *2-3 [Ct App, June 29, 2010, docket No. 290871]; Lake States Ins. Co. v Wilson, 231 Mich App at 331, 586 NW2d at 115).
Contrary to the determination of the Civil Court, the holding of the Supreme Court of Michigan in Titan did not abrogate the innocent third party rule. In Gagnon, the plaintiff sought to recover no-fault personal injury protection benefits and the Court of Appeals of Michigan held that the innocent third party rule prohibited the insurer from rescinding the policy. The court distinguished Titan by holding that although the Supreme Court in Titan stated that an insurer is not precluded from availing itself of a remedy to avoid liability under an insurance policy on the ground of fraud in the application for insurance even when the claimant is a third party, “the insurer in Titan sought to reform an insurance policy by reducing the excess liability coverage limits available to innocent accident victims to the statutory minimum; it did not seek to completely avoid liability under the policy” (Gagnon v Citizens Ins. Co., 2013 WL 331548, *6, 2013 Mich App LEXIS 178, *19).
In view of the foregoing, we find that defendant cannot rely on a lack of coverage defense to withhold payment of no-fault benefits to plaintiff for the medical services it rendered to its assignor, who was an innocent third party. We note that since the Civil Court did not determine the branch of defendant’s motion seeking summary judgment dismissing the complaint on the ground that there was a lack of medical necessity for the services rendered, the matter is remitted to the Civil Court for a determination of that branch of defendant’s motion.
Accordingly, the order is reversed, the branch of defendant’s motion seeking summary judgment dismissing the complaint on the ground of lack of insurance coverage is denied, and the matter is remitted to the Civil Court for a determination of the remaining branch of defendant’s motion.
Pesce, P.J., Weston and Solomon, JJ., concur.

 In his affidavit in support of defendant’s motion, the general counsel for Auto Club Insurance Association states that “ACIA is also known as AAA Michigan.” However, defendant was not so described in the summons and complaint.