# STATE OF MICHIGAN

# COURT OF APPEALS

---

JOSEF PETROUS,

    Plaintiff-Appellee,

v

EVEREST NATIONAL INSURANCE
COMPANY,

    Defendant-Appellant.

UNPUBLISHED
July 26, 2018

No. 337310
Macomb Circuit Court
LC No. 2016-000547-NI

---

Before: BORRELLO, P.J., and M. J. KELLY and BOONSTRA, JJ.

PER CURIAM.

In this action involving no-fault insurance benefits, defendant appeals by leave granted[1] the trial court's order denying defendant's motion for summary disposition under MCR 2.116(C)(10). For the reasons set forth in this opinion, we reverse and remand.

## I. BACKGROUND

This case arises out of an automobile accident that occurred on December 3, 2015. According to plaintiff's deposition testimony, the vehicle that he was driving was hit from behind by another vehicle as he was slowing down. Plaintiff's vehicle was pushed into the vehicle in front of him.

At the time of the accident, plaintiff had an automobile insurance policy issued by defendant, which plaintiff had obtained through an application that he completed on September 2, 2015. Plaintiff was the only listed driver on the application, and his listed address was that of his mother. The insurance application instructed as follows:

> ALL HOUSEHOLD MEMBERS AGE 14 OR OLDER, INCLUDING
> BUT NOT LIMITED TO SPOUSE(S), ROOMMATE(S), CHILDREN, FAMILY
> MEMBERS AND WARDS MUST BE LISTED AS POTENTIAL DRIVERS.

---

[1] *Petrous v Everest National Ins Co*, unpublished order of the Court of Appeals, entered July 25, 2017 (Docket No. 337310).

IN ADDITION, ALL INDIVIDUALS OUTSIDE THE HOUSEHOLD AND ANY DRIVERS TO WHOM THE INSURED AUTO(S) IS FURNISHED OR AVAILABLE FOR HIS OR HER USE, EVEN OCCASIONALLY AND/OR INFREQUENTLY, MUST BE IDENTIFIED AND LISTED BELOW. YOUR TOTAL POLICY PREMIUM CAN BE AFFECTED BY THIS INFORMATION.

The application also contained the question, "Have you identified on this application all members of your household who are over the age of 14?" In answer to this question, the box indicating "yes" was checked. There were no other household members listed on the application.

Furthermore, the section of the application that was titled "APPLICANT'S STATEMENT – READ BEFORE SIGNING" and that appeared above plaintiff's signature stated in pertinent part as follows:

I agree that if I intentionally conceal or misrepresent a material fact or circumstance relating to the insurance, the policy shall be null and void. . . . I certify that all household members age 14 or older, including but not limited to spouse(s), roommate(s), children, family members and wards have been listed as potential drivers. In addition all individuals outside the household and any drivers to whom the insured auto(s) is furnished or available for his or her use, even occasionally and/or infrequently, have been identified and listed below. I understand that my total policy premium could be affected by this information.

After the accident occurred, plaintiff was informed in a letter that was sent by defendant's third-party administrator, American Claims Management (ACM), that defendant was rescinding plaintiff's insurance policy based on material misrepresentations in plaintiff's insurance application. The letter explained that plaintiff was living with his stepfather and mother at the policy address when he applied for the insurance policy but that plaintiff had failed to list these individuals on the policy application as household residents. The letter further explained that the policy premium would have been increased had plaintiff's mother been added to the policy, that plaintiff's failure to list these household members on the application constituted a material misrepresentation, and that defendant was therefore entitled to rescind the insurance policy. A check was issued to plaintiff, refunding his policy premium.

Plaintiff filed the instant action seeking no-fault benefits from defendant under the insurance policy. During plaintiff's deposition, it was revealed that the address on plaintiff's driver's license was also his mother's address. Plaintiff's driver's license was issued on November 25, 2014, and was set to expire in 2018. Plaintiff's deposition testimony indicated that he was living at his mother's house from the time that he obtained his driver's license until the time of the accident. Plaintiff lived there along with his mother, stepfather, and sister. Plaintiff's sister was over 20 years old, his mother was over 60 years old, and his stepfather was over 50 years old. Plaintiff testified that his mother, stepfather, and sister had lived in that home since 1997. According to the affidavit of the underwriting manager for defendant's third-party underwriter, plaintiff's insurance policy premium would have been increased by $33.00 if he had identified his mother as a household member, and his premium would have been increased by $631.00 if he had identified his sister as a household member.

Defendant moved for summary disposition under MCR 2.116(C)(10), arguing primarily that plaintiff's failure to disclose all household members living with him amounted to a material misrepresentation that entitled defendant to rescind the insurance policy. Following oral arguments at the motion hearing, the trial court ruled that it was denying defendant's motion for summary disposition on the grounds that it did not find plaintiff to have acted recklessly and that permitting rescission would be "inequitable." The trial court also denied defendant's motion for reconsideration.

As previously noted, we granted defendant's application for leave to appeal.[2]

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *Titan Ins Co v Hyten*, 491 Mich 547, 553; 817 NW2d 562 (2012). "In reviewing a motion brought under MCR 2.116(C)(10), we review the evidence submitted by the parties in a light most favorable to the nonmoving party to determine whether there is a genuine issue regarding any material fact." *21st Century Premier Ins Co v Zufelt*, 315 Mich App 437, 443; 889 NW2d 759 (2016) (quotation marks and citation omitted). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). Contract interpretation presents a question of law that is reviewed de novo. *Zufelt*, 315 Mich App at 443. We also review de novo issues involving equitable principles, such as arguments for rescission. *Kaftan v Kaftan*, 300 Mich App 661, 665; 834 NW2d 657 (2013).

## III. ANALYSIS

Defendant's primary appellate argument, and the one that is dispositive in resolving this case, is that defendant was entitled to rescind the insurance policy because plaintiff made a fraudulent misrepresentation on the policy application.

"Insurance policies are contracts and, in the absence of an applicable statute, are subject to the same contract construction principles that apply to any other species of contract." *Hyten*, 491 Mich at 554 (quotation marks and citation omitted). Because insurance policies are contracts, a common-law defense such as fraud may be asserted to avoid enforcement of an insurance policy so long as that defense is not prohibited by statute. *Id*. at 554-555. Fraud in the procurement of an insurance contract may provide "grounds to retroactively avoid contractual obligations through traditional legal and equitable remedies such as cancellation, rescission, or reformation."[3] *Id*. at 557-558.

---

[2] We note that plaintiff has failed to file a brief on appeal in this matter.

[3] Although these remedies "may be limited or narrowed by statute," *Hyten*, 491 Mich at 558, plaintiff has not filed a brief on appeal and accordingly has not argued on appeal that any particular statute limits the application of rescission as a remedy under the facts of the instant

"Michigan's contract law recognizes several interrelated but distinct common-law doctrines—loosely aggregated under the rubric of 'fraud'—that may entitle a party to a legal or equitable remedy if a contract is obtained as a result of fraud or misrepresentation." *Id*. at 555. However, in this case, defendant relies on only on one of these doctrines, commonly referred to as actionable fraud or fraudulent misrepresentations. A party making a claim of fraudulent misrepresentation bears the burden of establishing that (1) the other party "made a material misrepresentation"; (2) the misrepresentation was false; (3) when the misrepresentation was made, the party making it "knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion"; (4) the misrepresentation was made "with the intention that it should be acted upon"; (5) the party claiming fraudulent misrepresentation acted in reliance upon the misrepresentation; and (6) injury was suffered as a result. *Id*. at 555, 571-572 (quotation marks and citation omitted).

In accordance with the above legal principles, "it is well settled that an insurer is entitled to rescind a policy *ab initio* on the basis of a material misrepresentation made in an application for no-fault insurance." *Zufelt*, 315 Mich App at 445; see also *Lake States Ins Co v Wilson*, 231 Mich App 327, 331; 586 NW2d 113 (1998); *Lash v Allstate Ins Co*, 210 Mich App 98, 103; 532 NW2d 869 (1995). As our Supreme Court has explained regarding whether a misrepresentation is "material":

> The generally accepted test for determining the materiality of a fact or matter as to which a representation is made to the insurer by an applicant for insurance is to be found in the answer to the question whether reasonably careful and intelligent underwriters would have regarded the fact or matter, communicated at the time of effecting the insurance, as *substantially increasing the chances of loss insured against so as to bring about a rejection of the risk or the charging of an increased premium*.
>
> * * *
>
> A representation, in the law of insurance, is an oral or written statement by the insured or his authorized agent to the insurer or its authorized agent, made prior to the completion of the contract, giving information as to some fact or state of facts with respect to the subject of the insurance, which is intended or necessary for the purpose of enabling the insurer to determine whether it will accept the risk, and at what premium. [*Keys v Pace*, 358 Mich 74, 82; 99 NW2d 547 (1959) (quotation marks and citation omitted).]

This Court has explained the nature of rescission as follows:

> To rescind a contract is not merely to terminate it, but to abrogate and undo it from the beginning; that is, not merely to release the parties from further

case. Consequently, there is no need to discuss any potential statutory limitation in this case because such is not at issue in this appeal.

-4-

obligation to each other in respect to the subject of the contract, but to annul the contract and restore the parties to the relative positions which they would have occupied if no such contract had ever been made. Rescission necessarily involves a repudiation of the contract and a refusal of the moving party to be further bound by it. But this by itself would constitute no more than a breach of the contract or a refusal of performance, while the idea of rescission involves the additional and distinguishing element of a restoration of the *status quo*. [*Lash*, 210 Mich App at 102 (quotation marks and citation omitted).]

" 'Rescission is justified without regard to the intentional nature of the misrepresentation, as long as it is relied upon by the insurer. Reliance may exist when the misrepresentation relates to the insurer's guidelines for determining eligibility for coverage.' " *Zufelt*, 315 Mich App at 446, quoting *Wilson*, 231 Mich App at 331.

In this case, the record evidence reflects that plaintiff sought an insurance policy from defendant and signed an application for insurance in which plaintiff listed himself as the only listed driver. By signing the application beneath the applicant statement, plaintiff affirmatively represented that he had identified all household members over the age of 14, that he understood that this information could affect his policy premium, and that he agreed that his policy would be void if he intentionally concealed or misrepresented a material fact. Yet, plaintiff testified during his deposition that he was living at his mother's house at the time that he applied for the insurance policy, along with his mother, stepfather, and sister who were all over the age of 14. The application also listed the address of plaintiff's mother as plaintiff's address. Therefore, defendant's representation in his insurance application that there were no other household members over the age of 14 was false, and he clearly knew at the time he filled out the application that his representation of no additional drivers was false. Moreover, plaintiff's representation was material because there was undisputed evidence that defendant would have charged a higher premium if plaintiff had truthfully disclosed his other household members. *Keys*, 358 Mich at 82. Additionally, plaintiff submitted his application in order to obtain a no-fault automobile insurance policy from defendant and therefore intended that defendant would act on the information contained in the application, including the misrepresentation that there were no other individuals in his household over the age of 14. Defendant did in fact act on plaintiff's misrepresentation by issuing the policy, and plaintiff suffered an injury as a result by charging a lower premium for that policy than it would have if plaintiff had provided truthful information regarding his household members. In responding to defendant's summary disposition motion, plaintiff did not submit any evidence to rebut the above facts and thus failed to provide the necessary evidentiary support necessary to "set forth specific facts showing that there is a genuine issue for trial." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999), quoting MCR 2.116(G)(4). "A litigant's mere pledge to establish an issue of fact at trial cannot survive summary disposition under MCR 2.116(C)(10)." *Maiden*, 461 Mich at 121.

Therefore, the undisputed evidence shows that defendant satisfied the required elements of a fraudulent misrepresentation claim. *Hyten*, 491 Mich at 555. Defendant was thus entitled to rescind the insurance policy *ab initio* under the circumstances of this case because plaintiff made a material and fraudulent misrepresentation in his insurance application. *Id*. at 554-555, 557-558; *Zufelt*, 315 Mich App at 445; see also *Keys*, 358 Mich at 83 ("If the statement was false, the applicant for the insurance was well aware of its falsity, and, if he stated the opposite of the truth

there was an actual intent to deceive.") (1959) (quotation marks and citation omitted). The trial court's explanation for its ruling demonstrates that it failed to properly apply the applicable legal standards in reaching its decision.

Because there was no genuine issue of material fact regarding plaintiff's fraudulent misrepresentation that entitled defendant to rescind the insurance policy, the trial court erred by denying defendant's motion for summary disposition. *West*, 469 Mich at 183. Accordingly, we reverse the order of the trial court and remand this matter for entry of an order granting summary disposition in favor of defendant.

In light of our conclusion, defendant's remaining appellate arguments are moot because there is no further relief that may be granted. *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998).

Reversed and remanded for further proceedings consistent with this opinion. Defendant, having prevailed, may tax costs. MCR 7.219(A). We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ Mark T. Boonstra