*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

SHAUN FINN,

      Plaintiff-Appellee,

and

OAKMED NURSING SERVICES and SUN
MEDICAL EQUIPMENT COMPANY, INC.,

      Intervening Plaintiffs-Appellees,

v

RICKY MARSH and KAREN MARSH,

      Defendants,

and

FOREMOST INSURANCE COMPANY GRAND
RAPIDS MICHIGAN,

      Defendant/Cross-Plaintiff/Third-Party
      Plaintiff-Appellee/Cross-Appellee,

and

AUTO CLUB GROUP INSURANCE COMPANY,

      Defendant/Cross-Defendant-
      Appellant,

and

FARM BUREAU GENERAL INSURANCE
COMPANY,

UNPUBLISHED
August 18, 2022

No.   358501
Oakland Circuit Court
LC No.   2019-178668-NI

-1-

Third-Party Defendant-
Appellee/Cross-Appellant.

Before: GADOLA, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

In this first-party no-fault and equal priority insurer recoupment action, defendant/cross-defendant, Auto Club Group Insurance Company (Auto Club), appeals by right the trial court's order granting defendant/cross-plaintiff/third-party plaintiff Foremost Insurance Company Grand Rapids, Michigan's (Foremost) motion for reimbursement from Auto Club. Third-party defendant Farm Bureau General Insurance Company (Farm Bureau) cross-appeals. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises out of an accident that occurred on May 25, 2019, in which plaintiff Shaun Finn sustained various injuries while riding as a passenger in a 1929 Ford Assembled Model A vehicle, also known as a "rat rod," driven by defendant Ricky Marsh, and owned by defendant Karen Marsh, Ricky's wife. The rat rod was insured by Foremost at the time of the accident, at which time Karen also had two other vehicles insured with Farm Bureau. Plaintiff's son, Kyle Finn, had a policy with Auto Club (the "Policy"), which was in effect at the time of the accident. Although plaintiff lived with Kyle, and although the Policy imposed a duty on its insured to report changes within 30 days to Auto Club, including changes regarding resident-relatives of driving age, the Policy did not list any such resident-relatives.

Plaintiff sought first-party personal injury protection (PIP) benefits from Auto Club and Foremost. During the proceedings, Kyle testified that he lived in plaintiff's home with plaintiff. Kyle explained plaintiff was planning to move into a house with his girlfriend at the time Kyle obtained the Policy, so he did not include plaintiff as a resident-relative when he submitted his application. After plaintiff's plans to move fell through, Kyle stated "it was the last thing on [his] mind to get a hold of [Auto Club] and switch it to two people in the home."

Auto Club sent Kyle a letter rescinding the Policy on the basis of Kyle's material misrepresentation that he was the only resident of driving age at his home. The letter indicated the Policy was void as of May 21, 2019, the last date of renewal, and informed Kyle he would receive a refund for the premium for the renewal. Auto Club later averred by affidavit that Kyle never indicated at any stage in his policy application or renewals there was another driver in his household and, had Kyle informed Auto Club of plaintiff's status as his resident-relative, his premium would have increased by $2,170.84.

Plaintiff filed suit against Ricky, Karen, Foremost, and Auto Club.[1] Plaintiff asserted a claim for unpaid first-party PIP benefits against Foremost and Auto Club. Foremost filed a cross-claim against Auto Club, asserting Auto Club was in higher order of priority to pay plaintiff's PIP benefits. Thus, because Foremost was paying plaintiff's benefits, it sought reimbursement from Auto Club. Foremost also filed a a third-party complaint against Farm Bureau, asserting Farm Bureau was in equal priority to Foremost for payment of plaintiff's PIP benefits. Farm Bureau was served with Foremost's third-party complaint on July 2, 2020, which, according to Farm Bureau, was its first notice of plaintiff's injury and suit.

Foremost moved for summary disposition under MCR 2.116(C)(10) regarding the issue of priority, arguing Auto Club, as Kyle's insurer, was highest in priority to pay plaintiff's PIP benefits, and Farm Bureau was in equal priority with Foremost, after Auto Club. Foremost sought reimbursement from Auto Club for the PIP benefits Foremost provided to plaintiff, in addition to litigation costs and fees.

Auto Club also moved for summary disposition under MCR 2.116(C)(10), asserting that because the Policy was rescinded effective May 21, 2019, on the basis of Kyle's material misrepresentations, there was no coverage at the time of the accident. Therefore, according to Auto Club, it was not in any order of priority to pay plaintiff's PIP benefits. Regarding plaintiff's status as an innocent third party, Auto Club, citing *Bazzi v Sentinel Ins Co*, 502 Mich 390; 919 NW2d 20 (2018), argued insurers were still permitted to rescind their policies as they pertained to innocent third parties. Auto Club argued the factors from Justice MARKMAN's concurrence in *Farm Bureau Gen Ins Co of Mich v ACE American Ins Co*, 503 Mich 903; 919 NW2d 394 (2018) (MARKMAN, C.J., CONCURRING), adopted by this Court in *Pioneer State Mut Ins Co v Wright*, 331 Mich App 396; 952 NW2d 586 (2020), all weighed in favor of rescission.

Farm Bureau moved for summary disposition under MCR 2.116(I)(2), asserting it was not timely put on notice of plaintiff's claims. Farm Bureau's first notice of the loss was on July 2, 2020, more than one year after the May 25, 2019 accident. Foremost replied, arguing that because Foremost served Farm Bureau within one year of its first notice of loss, and within one year of learning of Farm Bureau's priority status, it did not violate the one-year-back rule. Additionally, Foremost argued, the proper statute of limitations for Foremost's claim was the six-year statute of limitations, under MCL 600.5813, not MCL 500.3145(1).

The trial court issued a written opinion and order addressing the parties' motions for summary disposition. Regarding the rescission issue, the trial court determined there was:

> [N]o genuine issue of material fact that Auto Club [was] entitled to declare the policy void *ab initio* because Kyle procured the policy through a material misrepresentation when he failed to disclose that [plaintiff] was a resident

---

[1] Plaintiff's claims against Ricky and Karen are not at issue on appeal. Additionally, the claims of intervening plaintiffs, OakMed Nursing Services and Sun Medical Equipment Company, Inc., are also not at issue on appeal.

> relative[,] but Auto Club could not rescind the insurance contract as to [plaintiff] who is an innocent third party.

The trial court concluded, therefore, that summary disposition in Auto Club's favor should be denied and determined Auto Club was highest in priority to pay for plaintiff's PIP benefits.

Regarding Farm Bureau's one-year notice issue, the trial court found, as a matter of law, that MCL 600.5813 applied to Foremost's claims against Farm Bureau "because Foremost seeks the recoupment of no-fault benefits from another insurer, in the same order of priority[,]" citing *Titan Ins Co v Farmers Ins Exch*, 241 Mich App 258; 615 NW2d 774 (2000). The trial court granted Foremost's motion for summary disposition as to the issue of priority, but denied Foremost's motion as it related to requested litigation fees, denied Auto Club's and Farm Bureau's motions for summary disposition, and ordered Auto Club was the insurance company with the highest priority under MCL 500.3114(1).

Auto Club moved for reconsideration, which the trial court denied. Foremost then moved for reimbursement from Auto Club, seeking a total of $281,554 in PIP benefits it paid on behalf of plaintiff, which the trial court granted. This appeal followed.

## II. STANDARDS OF REVIEW

We review de novo a motion for summary disposition under MCR 2.116(C)(10). *Candler v Farm Bureau Mut Ins Co of Mich*, 321 Mich App 772, 777; 910 NW2d 666 (2017). "A motion under [MCR 2.116(C)(10)] tests the factual sufficiency of the complaint." *Id*. (quotation marks and citation omitted). A trial court, in evaluating a motion for summary disposition under MCR 2.116(C)(10), "considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. (quotation marks and citation omitted). "The motion is properly granted if there is no genuine issue concerning any material fact and the moving party is entitled to judgment as a matter of law." *Id*. (quotation marks and citation omitted).

Auto Club sought summary disposition on the basis that it could rescind the Policy. "The remedy of rescission is granted only in the sound discretion of the court." *Wright*, 331 Mich App at 405 (quotation marks and citation omitted). "An abuse of discretion occurs when the decision falls outside the range of reasonable and principled outcomes." *Id.* "An abuse of discretion necessarily occurs when the trial court makes an error of law." *Id.* "The trial court's factual findings are reviewed for clear error, and a finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made." *Id.*

## III. DISCUSSION

Auto Club argues the trial court erred when it determined Auto Club was not entitled to rescind the Policy as to plaintiff. We disagree.[2]

"It is the well-settled law of this state that where an insured makes a material misrepresentation in the application for insurance, including no-fault insurance, the insurer is entitled to rescind the policy and declare it void ab initio." *Lake States Ins v Wilson*, 231 Mich App 327, 331; 586 NW2d 113 (1998). "Insurance policies are contracts and, in the absence of an applicable statute, are subject to the same contract construction principles that apply to any other species of contract." *Titan Ins Co v Hyten*, 491 Mich 547, 554; 817 NW2d 562 (2012) (quotation marks and citation omitted). "In order to warrant rescission of a contract, there must be a material breach affecting a substantial or essential part of the contract." *Omnicom of Mich v Giannetti Investment Co*, 221 Mich App 341, 348; 561 NW2d 138 (1997). "[A] fact or representation in an application is material where communication of it would have had the effect of substantially increasing the chances of loss insured against so as to bring about a rejection of the risk or the charging of an increased premium." *Oade v Jackson Nat'l Life Ins Co of Mich*, 465 Mich 244, 253-254; 632 NW2d 126 (2001) (quotation marks and citation omitted).

Auto Club contends it would have charged a higher premium if it knew plaintiff was Kyle's resident-relative. Thus, while the trial court did not err when it determined Auto Club was entitled to rescind the Policy as to Kyle, the trial court also determined it was not entitled to do so as to plaintiff because plaintiff was an innocent third party. This is the core issue we are asked to address.

"[C]ourts are not required to grant rescission in all cases. For example, rescission should not be granted in cases where the result thus obtained would be unjust or inequitable . . . ." *Bazzi*, 502 Mich at 410 (quotation marks and citation omitted). "Moreover, when two equally innocent parties are affected, the court is required, in the exercise of [its] equitable powers, to determine which blameless party should assume the loss . . . ." *Id.* at 410-411 (quotation marks and citation omitted; alterations in original). "[W]here one of two innocent parties must suffer by the wrongful act . . . of another, that one must suffer the loss through whose act or neglect such third party was enabled to commit the wrong." *Id.* at 411 (alterations in original).

In *Wright*, 331 Mich App at 411, this Court adopted the factors provided by Justice MARKMAN in his concurrence in *ACE American Ins Co*, 503 Mich at 903 (MARKMAN C.J., CONCURRING), when determining whether rescission is appropriate:

Reduced to their essence, five factors were identified and they address: (1) the extent to which the insurer could have uncovered the subject matter of the fraud before the innocent third party was injured; (2) the relationship between the

_____

[2] Because we conclude that the trial court did not err when it granted Foremost's motion for summary disposition, and thereby determined that Auto Club remains in the highest order of priority, Farm Bureau's cross-appeal as to whether it received proper notice is moot, because Auto Club was properly ordered to pay all PIP benefits paid by Foremost on behalf of plaintiff. See *Eller v Metro Indus Contracting, Inc*, 261 Mich App 569, 571; 683 NW2d 242 (2004) ("An issue is moot and should not be reached if a court can no longer fashion a remedy.").

fraudulent insured and the innocent third party to determine if the third party had some knowledge of the fraud; (3) the nature of the innocent third party's conduct, whether reckless or negligent, in the injury-causing event; (4) the availability of an alternate avenue for recovery if the insurance policy is not enforced; and (5) a determination of whether policy enforcement only serves to relieve the fraudulent insured of what would otherwise be the fraudulent insured's personal liability to the innocent third party.

The first factor, regarding the extent to which Auto Club could have known of Kyle's misrepresentation before plaintiff was injured, favors Auto Club, because "an insurer has no duty to investigate or verify the representations of a potential insured." *Hyten*, 491 Mich at 570. Plaintiff did not have a valid driver's license and did not own a vehicle, meaning there was no independent search Auto Club could have performed through reasonable diligence which would uncover plaintiff's residency in Kyle's home. Moreover, under *Hyten*, it was not obligated to conduct such a search.

The second factor, regarding the third party's knowledge of the fraud, and relationship to the insured, disfavors rescission. There was no evidence indicating plaintiff was aware of Kyle's misrepresentation, and Auto Club never submitted any evidence to the contrary.

The third factor, regarding the third party's conduct during the accident, also disfavors rescission. Plaintiff was a passenger in the rat rod and did not cause the accident. The fourth factor, regarding an alternate avenue for recovery, weighs in favor of rescission, because plaintiff had potential alternate avenues for recovery from Foremost or Farm Bureau. Finally, the fifth factor, regarding the personal liability of the insured, is inapplicable, because Kyle was not involved in the accident, and has no personal liability to plaintiff.

In sum, two factors favor rescission, two factors favor coverage, and one factor is inapplicable. The factors being equally weighted, the trial court did not abuse its discretion when it determined rescission of the Policy was inappropriate as to plaintiff and, therefore, did not err when it denied Auto Club's motion for summary disposition.

Affirmed. Foremost, as the prevailing party, may tax costs. MCR 7.219(A).


/s/ Michael F. Gadola
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly